## BEAL vs. THE SUPERVISORS OF ST. CROIX COUNTY.

The county board of supervisors cannot, by contracting with a certain publisher to do the county printing for a specified time, divest the treasurer during that time, of the authority conferred by section 3, chap. 22, Laws of 1859, to cause the delinquent tax lists to be published in any newspaper in the county which *he* may select.

The existence of such a contract, and notice thereof to the treasurer, would form no defense to the claim of any other publisher so employed by the treasurer, for the fees provided in that chapter.

The county is liable primarily for such printer's fees, and the statute provides the mode in which it shall be reimbursed.

APPEAL from the Circuit Court for *St. Croix* County.

This was an action for the amount of the plaintiff's fees for printing a delinquent tax list for the year 1858. A claim

for the amount was presented to the board of supervisors of that county, in November, 1859, and disallowed. On appeal, the circuit court rendered judgment for the plaintiff. The grounds upon which the claim was disallowed by the supervisors, will appear from the opinion of the court.

*Dennis Tuttle* and *Allan Dawson*, for appellants:

1. If the county is primarily liable for the printing of the delinquent tax list, it had power to make a contract therefor. The powers of a county, as a body politic and corporate, can be exercised only through the board of supervisors. R. S., chap. 13; sec. 6, and subd. 4 of sec. 2. The exercise of the power in question by the board is not incompatible with any duty of the county treasurer in causing such list to be published. Gen. Laws of 1859, chap. 22, sec. 3. 2. The county, however, is not primarily liable for such printing. The duty of procuring it to be done is not enjoined upon the county, but upon the treasurer. Gen. Laws of 1859, chap. 22, secs. 1, 2 and 3. The law does not expressly make the printing a county charge, but makes it a lien upon the land sold, the same as the taxes and the fees of officers for duties performed in collecting such taxes; and it is to be paid in the same way, viz., out of the proceeds of the sales when collected. Gen. Laws of 1859, chap. 22, secs. 6, 8 and 55. The printer's fees, when collected, constitute a distinct fund for a specific purpose, over which the county has no control. R. S., chap. 18, sec. 174. Where the law makes provision for the payment of services out of a particular fund, the party performing such services can claim payment only out of such fund. *Hunt vs. The City of Utica*, 18 N. Y., 443; *Baker vs. The Same*, 19 id., 327. There is no proof in this case that the county has received any of the moneys, arising out of the sale of lands, collected as printing expenses, or that they have been collected.

*Wetherby & Gray* and *H. C. Baker*, for respondent:

1. · The board of supervisors possesses no powers except those conferred upon it by the legislature; and while it "may make all contracts, and do all other acts in relation to the property and concerns of the county, necessary to the exercise of its corporate or administrative powers" (R. S., chap. 13, sec.

January Term, 1861.

BEAL
v.
THE SUPERVISORS OF ST. CROIX CO.

January Term,
1861.

Beal
v.
The Supervi-
sors of St.
Croix Co.

2, subd. 4), and may " have the management of the business and concerns of the county in all cases where no other provisions shall be made" ( R. S., chap. 13, sec. 27, subd. 6), it cannot be claimed that where the performance of a specific act is imperatively enjoined upon the county treasurer by statute, the board of supervisors would be authorized by either of these provisions, to perform such act, to the exclusion of the treasurer.    If then the treasurer was acting within the scope of his authority as a county officer, and in pursuance of an express and positive provision of law, in procuring the printing in question, the liability of the county to pay for such services the price prescribed by statute, follows as a necessary consequence.    *Tucker vs. The Trustees of Rochester,* 7 Wend., 254; *Bright vs. The Supervisors of Chenango,* 18 John., 242.    The county treasurer is not authorized to pay the printer's fees out of the proceeds of the sale ; on the contrary, he is required to pay all the moneys, including the printer's fees, received upon the sale, into the treasury. When the statute provides that a person performing a specific service shall receive a certain fee therefor, and that such fee shall be collected and paid into the county treasury, and mingled with the common fund, it is obvious that the claim for such services should be audited by the board of supervisors and paid *out* of the common fund.    3. As every public officer is presumed to do his duty, the presumption is that all the lands advertised by the respondent, were, at the time fixed by law for the sale, either sold for cash, and the proceeds paid into the county treasury, or bid in for the county, as the statute requires.

April 10.        *By the Court,* PAINE, J.    By sec. 3, chap. 22, Gen. Laws of 1859, the county treasurers are required to cause a statement of the delinquent lands returned to them, together with a notice of sale, to be published in a newspaper.    The same act, sec. 55, provides that the printer's fees shall be twenty-five cents for each lot or tract.    The respondent, who published a newspaper in St. Croix county, was employed by the treasurer to make such publication, and did so.    This suit is prosecuted against the county, on appeal from the

January Term, 1861.

BEAL
v.
THE SUPERVI-
SORS OF ST.
CROIX CO.

board of supervisors, to recover the amount of his fees for such publication, which the county refused to pay.

The county resists the claim upon two grounds. The first is that the board of supervisors had previously made a contract with other publishers to do all the printing for the county for that year, of which the county treasurer was duly notified. This contract, if any, was made before the passage of the law requiring this publication, and the counsel for the respondent claim that the contract should be construed as relating only to such "printing as was provided for at the time it was entered into, and that it therefore would not include this. But without determining that question, we think it a sufficient answer to the objection of the county, to say that this law imposes the duty specifically upon the treasurer to cause this printing to be done, and fixes the printer's fees therefor. And it was not competent for the board of supervisors, by any contract, to divest the treasurer of this authority, or to set aside the provisions of the statute. Their contract would be good as to matters subject to their control. But they cannot, by making contracts, divest the authority of other officers, or assume to themselves the control of matters which the law has not subjected to their supervision. If this were not so, they might, under the guise of contracting, assume the entire management of county affairs, and where the law said a thing should be done by one officer, and upon certain terms, they could contract that it should be done by another, upon different terms. They might contract with an attorney to perform all legal services necessary for the county, and notify the district attorney that his services could be dispensed with, and so of any other services required.

The second objection is, that even if these services were properly contracted for and rendered, still the county is not liable. It was said that the state imposed this duty on the county treasurer, and that there is no more reason to say that the county should pay the printer's fee than that the state should pay it. But the statute itself provides that this fee shall be added to the tax on each lot or tract, and collected on the sale as a part of the tax thereon. It goes into

the hands of the county treasurer, and this sufficiently indicates the intention of the legislature as to which should pay it. They provided a mode by which the county could be reimbursed for its liability; therefore they intended it should be liable.

Nor do we think, as was suggested, that the treasurer acts merely as the agent of the printer in collecting these fees, and that the printer is entitled to his pay only as fast as it is collected. That could only result from an assumption that the performance of the services created a debt from the land owner to the printer, without creating any other liability. But we think the intent was to make the county primarily liable, and that the fee is to be collected with the tax for the benefit of the county and not for that of the printer.

The judgment of the circuit court is affirmed, with costs.