PATRICK RILEY, Appellant, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

The provision of the New York city charter of 1873 (§ 77, chap. 335, Laws of 1873), which prohibits the removal of officers and members of the uniformed force of the fire department without written charges, notice and a public examination, does not prevent the fire commissioners from transferring a member of that force from one class of duties to another which he is equally capable of performing ; this is not a removal within the meaning of that provision.

Such a transfer is within the power of the commissioners, and as to the propriety of it they are the exclusive judges.

As to whether an assistant engineer employed in said department is a member of the uniformed force within the meaning of said charter, *quære.*

The commissioners have power to change the rate of compensation to be paid to an assistant engineer, and upon assigning him to a duty which is less profitable to the department than that he has usually discharged, to award him a decreased compensation adapted to the duty required.

Plaintiff was appointed to duty in said department as assistant engineer. The board of commissioners had previously fixed the compensation of such engineers at $1,250 per annum, and of machinists at $3 per day. From time to time during his employment, plaintiff, by order of the board, was alternated between the duties of assistant engineer and those of machinist. While employed in each capacity, he was paid for his services the compensation so fixed therefor, giving receipts in full. In an action brought to recover the difference between the wages paid while employed as machinist and the salary as assistant engineer during those periods, *held,* that plaintiff was not entitled to recover.

*People, ex rel. Satterlee,* v. *Bd. of Police* (75 N. Y. 38), *Kehn* v. *State* (93 id. 291), *People, ex rel. Ryan,* v. *French* (91 id. 265), distinguished.

It did not appear that plaintiff objected to the transfer, or to the reduced compensation, while employed as machinist. *Held,* that by accepting the position and performing the duties, and receiving without objection the pay awarded to that position, he waived any right to claim the salary of assistant engineer.

A contract raised by implication may be changed, annulled or modified by a different state of circumstances authorizing the presumption of a new or different contract.

While a receipt is not conclusive as to all the facts and statements therein, and is open for explanation and contradiction, it is *prima facie* evidence of those facts ; and, in the absence of sufficient explanation, is conclusive against the party giving it.

Evidence of a secret and undisclosed intent, entertained by one party at the

time of making an express or implied contract, is not admissible to vary the legal presumptions arising from the acts and conduct of the parties. Evidence of conversations of the president of the board of fire commissioners, in which he stated the reasons actuating the board in assigning plaintiff to duty as machinist, was received under objection. *Held* error.

(Argued June 6, 1884 ; decided June 17, 1884.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made March 9, 1883, which affirmed a judgment in favor of defendant, entered upon a verdict directed by the trial court. (Mem. of decision below, 17 J. & S. 537.)

This action was brought by plaintiff to recover an alleged balance of salary due him as assistant engineer in the fire department of the city of New York.

The material facts are stated in the opinion.

*Chas. P. Miller* for appellant. Under the city charter heads of bureaus and regular clerks cannot be removed "until they have been informed of the cause of their proposed removal, and have been allowed an opportunity of making an explanation." (*People, ex rel. Munday*, v. *Fire Comm'rs*, 72 N. Y. 448; *People, ex rel. Sims*, v. *Fire Comm'rs*, 73 id. 437.) The receipts in full upon the pay-rolls do not show acquiescence by the plaintiff barring a recovery ; and plaintiff's exceptions to the admission of such pay-rolls in evidence were well taken. (*Brennan* v. *Mayor, etc.*, 62 N. Y. 365.) Plaintiff's receipts in full cannot be evidence of an accord and satisfaction. (*Ryan* v. *Ward*, 48 N. Y. 204.) The salary attached to plaintiff's office was fixed by the board, of fire commissioners, under the authority conferred upon them by the legislature, by section 28 of the charter, and until legally altered, it remained as originally designated and approved by them. (*People, ex rel. Satterlee*, v. *Police Comm'rs*, 75 N. Y. 38; *Kehn* v. *State of New York*, 93 id. 291; *People, ex rel. Ryan*, v. *French*, 91 id. 265.) It was plaintiff's duty to obey the orders of the commissioners, even though he deemed them illegal and in excess of their powers. (*People, ex rel. Cook*, v. *Police Board*, 39 N. Y. 506, 519.)

*David J. Dean* for respondent. The commissioners of the fire department were authorized by law to fix and alter the duties and salary of the plaintiff at pleasure. (Laws of 1873, p. 491, § 28 ; *Monroe* v. *Mayor, etc.*, 28 Hun, 260 ; *O'Brien* v. *Mayor, etc.*, id. 250.) The maxim, "*ut res magis valeat, quam pereat*," requires the court to give to the orders of the commissioners a construction that will render them valid in preference to a construction that will render them invalid. (*Warhus* v. *Bowery Savings B'k*, 5 Duer, 71 ; *Draper* v. *Snow*, 20 N. Y. 342 ; *Harrison* v. *Harrison*, 36 id. 547 ; *Ellis* v. *Brown*, 6 Barb. 296 ; *Schermerhorn* v. *Talman*, 14 N. Y. 135 ; *Darling* v. *Rogers*, 22 Wend. 489.) Plaintiff's acceptance of the position of machinist of necessity vacated his former position of engineer. (*People* v. *Green*, 58 N. Y. 364 ; *S. C.*, 5 Daly, 260.) Having voluntarily yielded to the order of transfer he cannot avoid the consequences of his action by showing his disinclination thereto and desire to continue on the uniformed force. (*Fleetwood* v. *Mayor*, 2 Sandf. 481.) The successive monthly payments to the plaintiff, and his receipts in full given at the time of such payment, without objection or protest or claim for greater compensation, constitute in themselves a contract to perform such service as he performed at the rates of payment which were made, and constitute an estoppel against the plaintiff's claim for any additional compensation. (*Drew* v. *Mayor*, 8 Hun, 445.)

RUGER, Ch. J. By section 28 of chapter 335 of the Laws of 1873, it is provided that the number and duties of the subordinates in the several departments of public service in the city of New York, with their respective salaries, whether now fixed by special law or otherwise, shall be such as the heads of the respective departments shall designate and approve.

It is conceded that the board of commissioners of the fire department is the head of that department and authorized as such to determine at will the compensation and duties of all persons employed therein.

Among other things it is conceded that prior to the employment of the plaintiff the board had fixed the compensation of assistant engineers in the department at $1,250 per annum, and of machinists in the repair shop at $3 per day.

It appears by the evidence that the plaintiff was originally appointed to duty as an assistant engineer, and has been continuously employed in the fire department since the 20th day of May, 1875. It also appears in evidence that, from time to time during such employment, the plaintiff, by the order of the fire commissioners, has been alternated between the duties of an assistant engineer and those of a machinist in the repair shops, and that while employed as an assistant engineer he has been paid for his services at the rate of $1,250 per annum, and signed the monthly pay-roll, receipting for his wages in full at that rate, and while performing the duties of a machinist, receipted in full for his wages in a similar manner at the rate of $3 per day. It does not appear that he ever raised any objection to his transfer from the performance of one class of duties to another, or to the difference in wages paid to him for the respective kinds of work. Neither does it appear that he ever claimed the rate of wages provided for assistant engineers while performing the services required of him as a machinist, until about the time of the commencement of this action in November, 1881.

The action was brought to recover the difference in such wages for the period of time during which he performed services as a machinist alone.

The absolute right of the commissioners of the fire department to determine the duties and compensation of all employes of that department is claimed by the appellant to be limited and controlled by section 77 of chapter 335 of the Laws of 1873, which provides " that officers and members of the uniformed force shall be removable only after written charges shall have been preferred against them, and after the charges have been publicly examined into, and after notice to the person charged," and it is contended under this section that the fire commissioners cannot, after having appointed an individual to a position

in the uniformed force, vary his duties, although still retained in the service of the fire department so as to reduce the compensation or change the character of his duty.

Although there is no regulation of the fire department or provision of law determining the persons constituting the uniformed force, yet it is claimed that by force of usage and general reputation assistant engineers are included in such force.

While it is conceded that the plaintiff never did in fact wear a uniform until he was finally assigned to duty as an assistant engineer in 1881, it is claimed that his original designation as an assistant engineer, *ipso facto*, constituted him a member of the uniformed force.

We think it unnecessary to determine whether this claim is sustainable or not, as we have arrived at the conclusion that the transfer of the plaintiff by the fire commissioners, in the exercise of their supervisory authority over the administration of the fire department, from one class of duties to another, which he was equally capable of performing, did not constitute a removal within the meaning of the seventy-seventh section; and whether it did or not, that it was entirely competent for them, by the acquiescence or assent of the person employed, to assign him to the performance of other duties in the general course of his employment, although they might differ in some respect from those usually discharged by assistant engineers.

The duties to be performed by every employe of the department are, by the statute, left entirely to the discretion of the fire commissioners, and it would be no reason for a refusal by such employe to perform an order of the fire commissioners requiring him to work in the repair shops, to say that such an employment was not the customary service of an assistant engineer. Efficiency in the administration of the department, and a proper regard for the public interest require that the commissioners should be regarded as the exclusive judges of the propriety of the employment of the servants of the department; and it would be an absurd construction of the act which should require the employment of an extra force at additional

expense to perform services in one branch of the force while in other branches men capable of performing the work were lying idle for want of sufficient employment in the particular department to which they belonged. The transfer of men from one department of the force to another to accommodate the requirements of the public service is not, either in any general or special sense, a removal of the person so transferred.

The compensation awarded for different classes of service is supposed to be graduated by the value of the services rendered, and there is no reason why a person rendering one class of service should be paid the compensation belonging to another.

It is entirely competent for the commissioners at any time to change the rate of compensation to be paid to any assistant engineer, and upon assigning him to a duty which is less profitable to the department than that which he usually discharged, to award him a compensation adapted to the duty required. The orders relieving the plaintiff from duty in one place and assigning him to duty in another do not purport on their face to be removals either from office or employment, and can only be so regarded by a strained and unnatural construction of the act.

The policy of the law prohibiting removals from the uniformed force was intended to improve the efficiency of the department by securing permanency of employment with its increased experience and skill, and prevent changes from caprice, prejudice, undue influence or other insufficient reasons, and did not include within its objects a restriction upon the power of the commissioners to so control the working force of the department as to secure economy and efficiency in its administration.

It is unnecessary to determine the question, whether, in case it should be made to appear that such a transfer was merely colorable and used as a pretext to deprive the employe of his position, he has a remedy, it is enough to say that no such case is made by the proof herein. The presumptions of the law are always in favor of the conscientious performance of duty by public officers, and in the absence of evidence to the con-

trary their official acts are entitled to the benefit of the protection which that presumption affords.

The evidence in this case conclusively rebuts the imputation that there was any intention on the part of the commissioners to remove Riley, within the meaning of that term, as used in the seventy-seventh section.

The evidence of the conversation of the president of the board of fire commissioners, in which he stated the reasons actuating the board in assigning the plaintiff to duty as a machinist, was improperly admitted. It is not competent for one person to state the motives influencing the conduct of another. The act complained of in this case was the act of a board of public officers, and the president of the board could have had no knowledge of the motives which actuated his associates in the performance of an official act.

It may also be said that the evidence, if allowed, does not have the effect claimed for it by the appellant. So far from showing the existence of any intention on the part of the board to remove the plaintiff, it had a directly contrary tendency and showed a reason for such act which repelled the existence of an intent to remove him.

We are further of the opinion that the plaintiff by accepting the position and performing the duties of a machinist under the orders of the fire department designating those duties and their compensation, without objection, waived any right to claim the compensation attached to the position of assistant engineer.

This action itself is founded upon a contract, sought to be implied from the circumstances of the case. The plaintiff seeks to recover in the action, not upon any express agreement made between him and the fire commissioners, but from the fact that the fire commissioners employed him to work and assigned him to duty as an assistant engineer, to which employment the regulations of the department had attached a certain compensation, he claims that the law will imply a contract with him to work in that capacity for the price specified in the regulations.

This claim is undoubtedly well founded, and in the absence of another valid agreement would entitle him to recover upon his implied contract.  After this time, however, the fire commissioners assigned him to the performance of other duties, and in the order making such assignment, specified the compensation to which he would be entitled while working under such order.  This employment he accepted without protest or objection, and in each month received the compensation provided for the performance of the assigned duty, and signed the pay-rolls, acknowledging payment in full for the time during which he was so employed.

The same rule of law which caused the implication of a contract in the one case will do so in the other, and the contract implied in the one case will remain valid and binding only until other circumstances raise the implication of another contract between the parties.  A contract raised by implication may be changed, annulled or modified by a different state of circumstances authorizing the presumption of a new or different contract.

In this case the evidence raises just as strong a presumption that a contract was made between the commissioners and the plaintiff to labor as a machinist at $3 per day during the time he worked as a machinist, as it did in the first instance that he was working as an assistant engineer at a compensation of $1,250 per annum, and it is quite inequitable that the plaintiff should claim the benefit of the implied contract in the one case, and repudiate it in the other.  (*Drew* v. *Mayor*, 8 Hun, 443.)

This view of the case is strongly fortified by the language of the receipts signed by the plaintiff and put in evidence by the defendant.

Upon the admission contained in the receipts, the plaintiff has, by his own confession, received compensation in full for all of the labor for which he claims to recover in this action.

While a receipt is not conclusive evidence of all the facts and statements contained therein, and is open to explanation and contradiction by the party giving it, yet it is always

considered as *prima facie* evidence of such facts, and in the absence of a sufficient explanation showing its incorrectness becomes conclusive evidence against the party giving it. No such explanation has been given in this case.

When a fixed salary or compensation is provided by law to be paid for services rendered by an individual to the public, or the right to fix such compensation is given to a class of persons, who have performed that duty, it is not competent for another officer whose duty is solely to engage persons to perform the services, to stipulate with them for a smaller rate than that provided by the established regulations. Such are the cases of. *People, ex rel. Satterlee,* v. *Bd. of Police* (75 N. Y. 38); *Kehn* v. *State of New York* (93 id. 291); *People, ex rel. Ryan,* v. *French* (91 id. 265).

When, however, the persons authorized to effect the employment are also empowered to fix the salary or compensation of the employe, there is no foundation for the application of the doctrine held in those cases.

In this case it was optional with the fire commissioners to change the compensation of any of their employes at any time, but in case they did so, it was, of course, within the power of the employe to continue to work at the changed rate or not, but in case he did so he could recover compensation for his services only at the substituted rate.

The exception taken by the plaintiff to the decision of the court excluding the evidence offered to show the plaintiff's intent in accepting the employment to which he was assigned by the fire commissioners is not sustainable. Evidence of a secret and undisclosed intent, entertained by one party at the time of the making of a contract, either express or implied, is not admissible to vary the legal presumptions arising from the acts and conduct of the parties.

It follows that the judgment should be affirmed.

All concur.

Judgment affirmed.