HOFFMAN and another, Respondents, vs. CHIPPEWA COUNTY, Appellant.

*May 23 — June 21, 1890.*

*Publication of list of unredeemed lands sold for taxes: Agreement for less than statutory compensation: Estoppel.*

Where the number of descriptions in the list of unredeemed lands sold for taxes is less than three thousand, the printer publishing such list is entitled to the compensation prescribed by sec. 1174, R. S., even though he agreed to publish the same at a less rate.

APPEAL from the Circuit Court for *Chippewa* County.
Action to recover the sum of $855 for the publication, in the manner prescribed by law, of a list containing 2850

descriptions of unredeemed lands which had been sold for taxes. The answer admits the publication, but alleges that it was made by the plaintiffs under a contract with the county clerk by which the plaintiffs agreed to publish such list for the sum of three cents for each description; that, but for the offer of the plaintiffs to publish the list at said rate, the clerk would have caused it to be published in a newspaper other than that of the plaintiffs; and that the plaintiffs are estopped from questioning the validity of said contract. The answer further admits an indebtedness of $85.50 to the plaintiffs for such publication, but denies that the county is indebted to the plaintiff in any further sum on account thereof.

The defendant appeals from an order sustaining a general demurrer to the answer.

*T. J. Connor*, for the appellant, as to the right of the county clerk to make the contract for less than the statutory compensation, cited *State ex rel. Huse v. Dixon Co.* 24 Neb. 106.

For the respondents there was a brief by *Dickinson & Buchanan*, and oral argument by *S. N. Dickinson.*

COLE, C. J. The learned circuit court sustained the demurrer to the answer of the defendant on the ground that the statute provided, when the number of descriptions in the list was less than 3,000, the printer publishing it should receive thirty cents for each lot or tract in the list, and that this was controlling. The language of the statute is certainly clear and explicit on the subject. It is even mandatory in form, and says that "the printer who shall publish the list and notice of the time when the redemption of lands sold for the nonpayment of taxes will expire *shall receive thirty cents for each lot or tract of land in such list, for all the insertions.*" R. S. sec. 1174. Thus the statute expressly prescribes the fees which the printer shall receive,

and the county clerk had no authority to make a contract which changed them. The statute, indeed, does not give the clerk any power to contract for the publication of the list where the number of descriptions in the list does not exceed 3,000. He is required to cause the list to be published as the statute prescribes (sec. 1170),— that is, he can select or designate the paper, but the compensation for the service has been fixed by the legislature. But, when the number of descriptions in the advertised list exceeds 3,000, then the county clerk is required to let by contract the publication to the lowest bidder, in the same manner and with like conditions and limitations as the county treasurer is authorized to contract for the publication of list of lands for delinquent taxes for sale. Sec. 1173.

In the case at bar, it is insisted that the contract which the clerk attempted to make with the plaintiffs amounted to nothing more than the designation of the paper in which the list should be published, but did not bind or compel the plaintiffs to do the work for less than the fees fixed by law. The principle of law relied on is that, when the compensation of a party performing services for the state is fixed by statute, it cannot be reduced by the officer or person by whom he is employed; and, since here the statute expressly declares that the printer shall receive thirty cents for each lot or tract of land in the advertised list, the compensation could not be diminished by any arrangement or contract which the county clerk might make in respect thereto. This contention of counsel is sustained by a number of well-considered decisions. *Goldsborough v. U. S.* Taney's Dec. 80; *People ex rel. Satterlee v. Board of Police*, 75 N. Y. 38; *People ex rel. Ryan v. French*, 91 N. Y. 265; *Kehn v. State*, 93 N. Y. 291; *Riley v. Mayor*, 96 N. Y. 331. The following cases have likewise a bearing on the question we are considering: *Beal v. St. Croix Co.* 13 Wis. 500; *State ex rel. Newell v. Purdy*, 36 Wis. 213; *State v. Mayor*, 15 Lea, 697;

*Edmondson v. Jersey City*, 48 N. J. Law, 121. We have already stated that the clerk had no power to enter into any contract for the publication in this case. He was only authorized to select the paper in which the publication should be made.

The only doubt I have had in the case grows out of this fact: The answer shows that the plaintiffs filed with the county clerk an offer in writing to print the delinquent list in their paper for three cents for each description, and tendered a bond for the faithful performance of the work. On the good faith of this offer or proposition the clerk doubtless entered into the contract which he made with them. While it is clear that he had no authority in law to make such a contract, still I have had some doubt whether they were not bound to stand by the proposition which they made. It is true this was for much less than the rate of compensation fixed by the statute. But could they not waive a provision for their benefit? And, having voluntarily done so, is not the offer or proposition binding upon them? But to this view it is answered that the doctrine of waiver or estoppel has no application to the case, and cannot be invoked to aid the defendant county; that the law does not sanction the principle that an officer shall make a contract to reduce the compensation fixed by statute for services. In some of the cases above cited the facts showing waiver were quite as strong as in this case, but the courts gave no effect to them. In *People ex rel. Satterlee v. Board of Police*, 75 N. Y. 38, it is said: "There is no principle upon which an individual appointed or elected to an official position can be compelled to take less than the salary fixed by law. The acceptance and discharge of the duties of the office after appointment is not a waiver of the statutory provision fixing the salary thereof, and does not establish a binding contract to perform the duties . . . for the sum named. The law does not recognize the principle that a board of

officers can reduce the amount fixed by law for a salaried officer, and procure officials to act at a less sum than the statute provides, or that such officials can make a binding contract to that effect. The doctrine of waiver has no application to any such case, and cannot be invoked to aid the respondent." The same principle is recognized and enforced in *Kehn v. State*, 93 N. Y. 291, and *Riley v. Mayor*, 96 N. Y. 331, and the reason for the rule applies in full force here. For reasons satisfactory to the legislature, it saw fit to prescribe the amount of compensation which the printer should receive for the service. Whether it was thought that this compensation would secure better service, or greater faithfulness in the execution of the work, we cannot tell. It is sufficient to say that the law is so enacted, and the courts must conform to it.

It follows from these views that the order of the circuit court must be affirmed, and the cause be remanded for further proceedings according to law.

*By the Court.*— It is so ordered.