### MEEHAN *v.* CITY OF BROOKLYN.

*(City Court of Brooklyn, General Term. February 26, 1891.)*

MUNICIPAL CORPORATION—GRADES AND SALARY OF POLICEMEN.

Laws N. Y. 1887, c. 348, divided patrolmen into three grades. Those who had served three years and over were in the first class; those who had served one year, and less than three, were in the second grade; and those who had served less than one year were in the third grade. The revised charter of the city of Brooklyn (Laws N. Y. 1888, c. 583) provides (title 11, § 5) that patrolmen who have served three years shall be members of the first grade; that those who have served for less than three years and more than one year shall be in the second grade; and all others shall be in the third grade; and that, whenever any of the third grade shall have done service therein for one year he shall be advanced to the second grade; and whenever any of the second grade shall have done service therein for one year he shall be advanced to the first grade. By the act of revision the commissioners were not permitted to make any change in the existing laws. *Held,* that a patrolman appointed in May, 1887, became a member of the second grade on July 1, 1888, and of the first grade on July 1, 1889; and that, the act being mandatory, his acceptance of the salary of a lower grade was not a waiver of his right to recover the difference.

Appeal from trial term.

Action by James J. Meehan against the city of Brooklyn. There was judgment for plaintiff, and defendant appeals.

Argued before CLEMENT, C. J., and VAN WYCK, J.

*Almet F. Jenks,* for appellant. *John A. Quintard,* for respondent.

CLEMENT, C. J. The respondent was appointed a patrolman on the police force of this city on May 11, 1887. At that time the salary of a patrolman was fixed by section 4 of chapter 467, Laws 1879. On May 17, 1887, chapter 348, Laws 1887, was passed, which provided that on and after July 1, 1887, the grade of patrolman in cities having a population of over 500,000 and not exceeding 800,000 should be as follows: All patrolmen who should have served three years or upwards should be members of the first grade; all patrolmen who should have served less than three years, and more than one year, should be members of the second grade; and all other patrolmen on the force should be members of the third grade; and all persons appointed as patrolmen after July 1st should become members of the third grade. The act further provides that "whenever any member of the third grade shall have done service therein for one year he shall be advanced to the second grade, and whenever any member of the second grade shall have done service therein for one year he shall be advanced to the first grade." There is also a provision in the act that the annual compensation of the police force should be fixed by a majority of the board of estimate. Under chapter 626 of the

Laws· of 1886 commissioners were appointed to revise the special and local laws of the city of Brooklyn, but in making such revision that act reads that "said commissioners shall not make any change in the meaning of existing laws, but shall seek to simplify and combine in a single act all existing statutes upon matters in such special and local laws." The commissioners of revision made their report, and the same was passed by the legislature, and such act is chapter 583 of the Laws of 1888. Title 11 of the act relates to the department of police and excise, and section 5 of that title reads as follows: "The grade of the members of the police force who are patrolmen shall be as follows: All such members who shall have served three years or upwards on such force as patrolmen shall be members of the first grade; all such members who have served on such force for less than three years, and more than one year, shall be members of the second grade; and all other members who are patrolmen on said force shall be members of the third grade; and all persons appointed patrolmen shall, on their appointment, become members of the third grade. Whenever any member of the third grade shall have done service therein for one year he shall be advanced to the second grade; and whenever any member of the second grade shall have done service therein for one year he shall be advanced to the first grade." The plaintiff claims that he became a member of the second grade on July 1, 1888, and of the first grade on July 1, 1889. It is admitted that he was not paid as a member of the first grade until May 11, 1890. It is contended by the counsel for the city that the plaintiff did not become a member of the first grade until he had served three years. This action was brought to recover the excess of salary from July 1, 1889, to May 11, 1890, received by a policeman of the first grade over that paid to one of the second grade. We have quoted at length from the different statutes for the reason that, in order construe properly the revised charter, it is necessary to consider the statutes which were in force at the time it was passed. *People* v. *Bell,* 4 N. Y. Supp. 869, affirmed by court of appeals, January 27, 1891, without opinion, 26 N. E. Rep. 756. There is a clear rule of construction, which, if followed, is decisive in this case: a mere change of the phraseology in the revision will not be construed as a change in the law. *Davis* v. *Davis,* 75 N. Y. 221; *Taylor* v. *Delancy,* 2 Caines' Cas. 143, 151. By the act of revision the commissioners were not permitted to make any change in the existing laws. If the question before us was to be decided by the reading of the revised charter it would be a difficult one to determine, for the act reads that all patrolmen who have served three years and upwards shall be members of the first grade, and also that whenever any member of the second grade shall have done service therein for one year he shall be advanced to the first grade. The service on the force required in one case is three years, and in the other two. When we turn back to chapter 348 of the Laws of 1887, which the revisers had in view when the new section was drawn, then their intention becomes clear and plain. All patrolmen on the force on July 1, 1887, were divided into three grades. Those who had served three years and over were made patrolmen of the first grade, those who had served one year, and less than three, became patrolmen of the second grade; and those who had served less than one year were made patrolmen of the third grade. Whenever a member of the third grade had served therein one year he should be advanced to the second grade, and whenever any member of the second grade should have served in such grade one year he should be advanced to the first grade. The revised charter, when read by itself, on this point is contradictory, and has two meanings, but, when read in the light of the act which it superseded, is· easily understood. To follow the revised charter literally would be difficult. Chapter 467 of the Laws of 1879, before referred to, which fixed the salaries of patrolmen at $1,000 per annum, is found in the revision at section 10 of title 11; and in section 5 of the same title, we find the provision as to salaries of patrolmen copied from chapter 348 of the

Laws of 1887. If both provisions are in force, we have two rates of salary fixed for patrolmen. If we turn to section 6 of title 13, we find that the salary of a fireman is fixed at two different rates in the same section, which section is derived from section 5 of chapter 467, Laws 1879, and from chapter 582, Laws 1887. We refer to those facts not to criticise the revised charter, but to show that, in order to construe such charter, it is necessary to look into the prior acts. Chapter 348 of the Laws of 1887 differs in only one particular (which we will refer to hereafter) from chapter 182 of the Laws of 1884, which relates to the police force of the city of New York, and does not at all differ from chapter 582 of the Laws of 1887, which relates to the fire department of the city of Brooklyn; and we understand that in the police department of New York city and in the fire department of this city members are advanced to the first grade after two years' service. While such facts may not be conclusive on the point involved in this case, yet they show the construction of similar laws given by corporation counsels, who are always vigilant to protect the rights of their respective cities, and who are learned in the law. Chapter 348 of the Laws of 1887 differs from chapter 182 of the Laws of 1884 in this respect. In the law applicable to New York city a policeman cannot be advanced until after examination and approval by the police commissioners. In Brooklyn the law is mandatory, and, after the lapse of the proper time, the commissioner can exercise no discretion, and simply grades the patrolmen as to pay; and this difference seems to answer the point made by the appellant that Meehan acquiesced by continuing in service in a lower grade. We think that the law advanced him, and not the act of the police commissioner. By accepting the salary of the lower grade the respondent waived no rights. *Riley* v. *City of New York*, 96 N. Y. 331, 339, and cases there cited. The judgment appealed from must be affirmed, with costs.