## GILBERT, Respondent, vs. PIER, Appellant.

*February 3 — February 21, 1899.*

*Counties: Estoppel: Mistakes of officers: Tax titles: Limitations: Exemptions: Presumptions.*

1. 'A public corporation is not estopped by mere mistakes of its officers in performing their official duties imposed upon them by law.

2. A county is not estopped from claiming title to lands which, as lands of the county, were exempt from taxation, by reason of the acts of officers in taxing the lands, selling them for the taxes, and stating at the time of the tax sale that the county had no interest in the lands, although the purchaser relied upon such statement in purchasing at such sale and thereafter taking a tax deed.

3. The provision of sec. 1191, R. S. 1878, that the county shall be the exclusive purchaser at a tax sale of lands upon which it already holds a tax certificate does not prevent the statute of limitations running in favor of a tax deed based on a tax sale of such lands to a different purchaser, where the lands were not exempt from the taxes for which such sale was made.

4. Under the provision of sec. 1191, R. S. 1878, that lands shall be exempt from taxation when a tax deed shall be issued to a county and it shall hold the certificates of tax sales for two successive years subsequent to the sale on which such deed shall issue, there is no presumption that the county to which a deed is issued holds the certificates of such other sales, although the section provides that the county shall be the exclusive purchaser at such sales, since the former owner may have paid the taxes for those years; but where the lands are subsequently taxed and sold for taxes to another person the presumption is, rather, that the lands were then subject to taxation.

APPEAL from a judgment of the circuit court for Lincoln county: CHAS. V. BARDEEN, Circuit Judge. *Reversed.*

Action to quiet title to land, involving the validity of a tax deed under which defendant claimed the land. The facts are stated in the opinion.

*Harriet H. Pier*, for the appellant.

, For the respondent there was a brief by *Brown & Pradt* and *F. E. Bump*, and oral argument by *Neal Brown*.

MARSHALL, J.   June 9, 1886, Lincoln county in due form
of law acquired title to a tract of land by tax deed based on
a tax sale of 1883.   December 21, 1896, the county by quit-
claim deed conveyed the land to plaintiff.   There was no
question on the evidence but that plaintiff was entitled to
recover by virtue of the title thus acquired, unless defend-
ant was the owner of the land under a tax deed made to her
in due form of law, based on a tax sale of the land for taxes
of 1889.   The latter tax deed plaintiff contended was void
because the lands were exempt from taxation for the year
1889, being county land.   Defendant answered that conten-
tion by saying the proof was insufficient to show exemption
from taxation under the statute, and further, that plaintiff
possessed under his quitclaim deed no better title than his
grantor, and that the latter was estopped from claiming title
before conveying the land to plaintiff because of the previous
conveyance to defendant, and because of the taxing of the
land in 1889, the sale for such taxes, and representations
made by the county treasurer at the time of the tax sale
that the county had no interest in the land, upon which de-
fendant relied in purchasing at such sale and thereafter tak-
ing the tax deed.

The rule is well settled that a public corporation is not
estopped by acts of its officers and agents in excess of their
powers; nor by omissions or mistakes of officers in perform-
ing duties specifically enjoined upon them by law, as distin-
guished from duties imposed upon the corporation itself.
Every person in dealing with an officer of a corporation is
presumed to know the extent of his powers and the capacity
in which he acts in the particular case.

Numerous instances may be found, some of which are
cited in the brief of appellant's counsel, where a public cor-
poration has been held estopped by its corporate acts irreg-
ularly performed, as by so issuing corporate bonds.   In-
stances where corporations have been held bound by mere

mistakes of officers in performing their statutory duties are contrary to the settled law. *Adams Co. v. B. & M. R. Co.* 39 Iowa, 507, is such an instance. It is relied upon by appellant's counsel. It will be seen by reference to *Adams Co. v. B. & M. R. Co.* 55 Iowa, 94, that the Iowa court recognized the rule established there by early decisions to be contrary to the general rule on the subject. Such general rule, that the corporation is not bound or estopped by the mere mistakes of its officers in performing their official duties, will be found stated, and supported by numerous authorities, in Throop, Pub. Off. §§ 551, 593. The following cases in this court are to the same effect: *Hoffman v. Chippewa Co.* 77 Wis. 214; *Cady v. Bailey,* 95 Wis. 370; *Smith v. Barron Co.* 44 Wis. 686.

It is clear that the levy of taxes upon the land while it was exempt, if such were the fact, the return of the land delinquent for the nonpayment of such taxes, the sale that followed and statement made at the time of such sale, and the making of the tax deed, were all mistakes, if mistakes at all, of the officers of the town where the land is situated and officers of the county in the performance of their official duties imposed upon them by law,— not corporate acts strictly so called. Hence the county was not estopped or affected in any way thereby. In contemplation of law, the defendant acted from first to last with full knowledge of the whole situation, and therefore has no reason to complain.

Was the land subject to taxes for the year 1889? That is the remaining question. By secs. 1034, 1038, and 1191, R. S. 1878, it was not so subject to taxation if the county then held, in addition to its tax title based on the sale of 1883, two tax certificates of sale unredeemed for two years subsequent to such sale. We are unable to find evidence in the record to satisfy that call of the statute; neither does it appear that the conclusion of the learned trial court as to ex-

emption from taxation was based on that as one of the statutory requirements. It was found that the county held a tax deed, and that was the sole circumstance upon which exemption from taxation was found. The other requisite — ownership of two tax certificates unredeemed for two successive years subsequent to the sale upon which the tax deed was issued — was overlooked, as appears.

But it is said by plaintiff that by sec. 1191 the county, only, was entitled to purchase the land at a tax sale thereof upon which it already had a tax certificate, hence the sale to defendant was void. That may be admitted; but still she did purchase at the sale, took the tax certificate, and thereafter obtained a tax deed in favor of which the statutes of limitation were set in operation. Such statutes were properly pleaded and insisted upon, and were effectual to bar the claim of the plaintiff in the absence of a showing that the lands were in fact not subject to taxation for the taxes upon which defendant's deed was based.

It is suggested that, as the lands were subjected to taxation for the two years after that on which the county tax deed was based, and the county only was entitled to purchase at a tax sale for such taxes, it should be presumed that it became the purchaser and was in fact the owner of two certificates of sale required by the exemption provision of the statute. The difficulty with that logic is that it leaves out a very important premise,— the fact that the former owner may have paid the taxes for subsequent years. When that is considered, so as to make the premises complete, all room for the presumption suggested disappears. If any presumption, then, is to be indulged in, it would seem to be against the ownership of the two certificates required to satisfy the exemption provision, because sec. 1191 requires the county clerk annually to furnish the assessor of each town in his county a list of the lands in such town exempt under such section, in order to prevent an improper levy of taxes

thereon. Presuming that such duty was performed, and correctly, and that the officers of the town properly paid attention to it, the land was subject to taxation for 1889, and the difficulty arose solely by reason of the county treasurer's permitting the defendant to become the purchaser instead of bidding the land in for the county.

It follows that the decision of the trial court, that defendant's deed was void because the land was exempt from taxation in 1889, cannot be sustained. Inasmuch, however, as the ownership of tax certificates, so as to render the land exempt from taxation, on which the case turns here, does not appear to have occurred to the trial court or been presented to him, but suggested here for the first time, it is considered there should be a new trial on that one subject.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a rehearing on the single question of whether the county, in 1889, was the owner of two certificates of sale unredeemed on the land for two successive years subsequent to the date of the sale on which the county tax deed was based; and if that fact be found in plaintiff's favor, to render judgment against the defendant according to the prayer of the complaint; otherwise, in favor of the defendant.

BARDEEN, J., took no part.