(91 App. Div. 58.)

PEOPLE ex rel. DALY v. GREENE, Police Com'r.

(Supreme Court, Appellate Division, First Department. February 5, 1904.)

1. NEW YORK CITY CHARTER—POLICE COMMISSIONER—POWERS—ASSIGNMENT OF OFFICERS.

New York City Charter, p. 124, § 292, providing that the police commissioner shall assign to duty the officers and members of the police force, and empowering him to change such assignments, authorizes the commissioner to require any member of any grade to perform such duties as he

determines to be necessary, and thus he may require a detective sergeant to perform duties appertaining to a sergeant of police.

2. SAME—DUTIES OF SERGEANT—NEGLECT—IGNORANCE OF RULES—SUFFICIENCY OF EXCUSE.

Where a detective sergeant was assigned to the duties of a police sergeant, and violated the rules for the government of such officers, the fact that he was ignorant of such rules was an excuse, the sufficiency of which was to be determined by the police commissioner before whom he was tried for such violation.

3. SAME—SPECIAL ASSIGNMENT—VIOLATION OF DUTIES.

Where a detective sergeant was assigned to the duties of a police sergeant, and accepted the assignment, performing its duties without objection, he was required to obey the rules and regulations of the department while acting under the assignment, even if it was irregular, and a violation of such rules was an offense for which the commissioner had power to inflict such punishment as the city charter and rules of the department justified.

4. SAME—DETECTIVE SERGEANTS—REDUCTION IN GRADE.

New York City Charter (Laws 1901, c. 466, p. 122) § 290, provides for a detective bureau, and the appointment of roundsmen and detective sergeants, who shall not be reduced in rank or salary except in the manner provided by law for sergeants and other police officers. There is no provision for the reduction of sergeants, but section 288, p. 122, provides for the reduction of roundsmen after trial on charges. *Held*, that detective sergeants may be reduced after trial on charges.

Certiorari by the people, on the relation of John J. Daly, to review the action of Francis V. Greene, as police commissioner of the city of New York, in reducing relator from the rank of detective sergeant to patrolman. Affirmed, and writ dismissed.

Argued before VAN BRUNT, P. J., and HATCH, INGRAHAM, McLAUGHLIN, and LAUGHLIN, JJ.

James F. Lynch, for relator.
Theodore Connoly, for respondent.

INGRAHAM, J. The relator had been designated by the police commissioner as a detective sergeant under the provisions of section 290 of the charter of the city of New York (chapter 466, p. 122, Laws 1901). That section provides that the police commissioner—

"Shall maintain a bureau which shall be called the central office bureau of detectives, and shall select and appoint to perform detective duty therein from the patrolmen or roundsmen as many detectives as the said commissioner may from time to time determine necessary to make that bureau efficient. The patrolmen or roundsmen so selected and appointed * * * shall be known as detective sergeants, shall act as such in said bureau, and shall hold the same rank and shall be eligible for promotion in the entire police force in the city under the same rules and conditions applicable to the promotion of all other sergeants of police in said city, and shall not be reduced in rank or salary except in the manner provided by law for sergeants and other officers of the police force."

Charges were preferred against the relator, and on the 11th of May, 1903, he was arraigned before the third deputy commissioner upon said charges, and, after a hearing had, he was pronounced guilty, and remanded to the grade of patrolman by the commissioner of police; and it is this determination that the relator seeks to review in this proceeding.

The petition upon which the writ was obtained alleges that there is no provision of law governing the police department, or the rules and regulations prescribed by the commissioner, which authorizes the police commissioner to assign a detective sergeant to duty as desk sergeant in precinct station houses, and that the neglect of duty charged against the petitioner is in the duties and office of a desk sergeant, to which place he was illegally and improperly assigned. By the return it appears that on the 2d day of May, 1903, there were made and filed in the police department of the city of New York charges against the relator, who was then a detective sergeant of police, a copy of which is annexed to the return. These charges were made by a captain of the Nineteenth Precinct, and charged the relator with a violation of rule 6, par. "b," of the police department, in that the relator, while on desk duty as acting sergeant in the Nineteenth Precinct station house from 7 a. m. to 3 p. m., April 30, 1903, failed to make certain entries in the desk blotter. Upon the hearing before the commissioner, the relator appeared and pleaded guilty to the charges; and, upon being asked by the deputy commissioner whether he wished to make an explanation, he said that he did, and then proceeded to make his explanation.

Rule 6, par. "b," provides that:

"While on duty at desk, sergeants and acting sergeants shall carefully note in the blotter all matters that relate to the duty performed by the members of the precinct or squad, and all other matters that relate to the business of the department."

After the explanation of the relator had been received, the commissioner asked him, "You admit that you failed to make the entries which I read to you, and which are specified in the charges?" to which the relator replied, "I do. I have to admit that, Mr. Commissioner." Whereupon the deputy commissioner before whom the charges were heard determined that, upon the relator's plea of guilty, and the evidence adduced in the case, Detective Sergeant John J. Daly, of the Nineteenth Precinct, was guilty as charged, and recommended that he be reduced to the grade of patrolman of the police force of the city of New York; and upon that recommendation the police commissioner adjudged the relator guilty of the charge, and adjudged and determined that he be reduced to the grade of patrolman of the police department of the city of New York.

The relator claims that the commissioner had no power to assign him as desk sergeant in a precinct, and therefore that no violation of the rules by the relator when he was assigned to that duty could be the basis of charges against him. It appears from the relator's testimony that on the 28th day of April, 1903, he was detailed by the commissioner to act as a desk sergeant in the Nineteenth Precinct, and that he continued in that position until the 13th day of May, 1903; that between May 2 and May 11, 1903, he was on sick leave. The offense with which he was charged was committed on April 30, 1903.

By section 292, p. 124, of the charter, it is provided that the police commissioner "shall assign to duty the officers and members of the police force, and shall have power to change such assignments from

time to time, whenever in his judgment the exigencies of the service may require such changes"; and, in construing a somewhat similar provision in the consolidation act, the Court of Appeals, in Riley v. The Mayor, 96 N. Y. 331, said:

"Efficiency in the administration of the department and a proper regard for the public interest require that the commissioners should be regarded as the exclusive judges of the propriety of the employment of the servants of the department; and it would be an absurd construction of the act which should require the employment of an extra force at additional expense to perform services in one branch of the force, while in other branches men capable of performing the work were lying idle for want of sufficient employment in the particular department to which they belonged."

We think that this provision of the charter authorized the commissioner to require any member of the police force, no matter what his grade, to perform such police duty as the commissioner should determine necessary. Detective sergeants are given the rank and pay of sergeants in the police force, and, under the general power given to the police commissioner by this provision of the charter, the police commissioner had power to require detective sergeants, when their services were not required in the detective bureau, to perform other duties which appertained to a sergeant of police; and while acting as such it was clearly the duty of the relator to comply with the rules and regulations of the department. His plea of ignorance of the rules, when called upon to explain his failure to obey them, was an excuse the sufficiency of which was to be determined by the police commissioner; but the relator accepted this assignment to duty by the commissioner without objection, and entered upon the performance of the duties to which he was thus assigned, and, even if the assignment were irregular, the relator, while acting under such assignment, was required to obey the rules and regulations of the department, and a violation of such rules was an offense for which the commissioner had power to inflict such punishment as the charter and rules of the department justified.

The relator also claims that the commissioner had no power to reduce him in rank or salary; that, while the commissioner had the power to remove him from the force if found guilty of the charges preferred against him, he had no power to reduce him to patrolman. It is clear, from section 290 of the charter, that the Legislature intended that the commissioner should have power to reduce a detective sergeant in rank. The enactment of this section changed the rule which had been in force, by which the commissioner had power arbitrarily to reduce detective sergeants to patrol duty, and limited his power by the provision by which detective sergeants should not be reduced in rank or salary, except in the manner provided by law for sergeants and other officers of the police department. But this provision would be meaningless unless it was intended to confer some power upon the commissioner of police to reduce the rank of a detective sergeant in case the necessities of the situation required such reduction. There is no provision of law under which the police commissioner is authorized to reduce a sergeant of police to the position of patrolman, but by section 288, p. 122, of the charter, it is provided that "roundsmen shall be selected from among patrolmen of

the first grade, but roundsmen may be reduced to the grade of patrolmen at any time by the police commissioner after due trial upon charges, the determination of which may be reviewed by writ of certiorari"; and this is the only provision to which our attention has been called which authorizes the police commissioner to reduce to a lower grade an officer against whom charges have been made. We have here a provision of law by which it is said that detective sergeants cannot be reduced in rank or salary, except in the manner provided by law for sergeants and other officers of the police force; and the only provision for the reduction in rank of officers of the police force is that which applies to roundsmen, which authorizes such reduction after a trial upon charges. It could not have been intended to provide that detective sergeants could not be reduced in any rank except in the manner provided by law for sergeants, when there was no provision of law which authorized such a reduction. This provision would then be meaningless. But what was evidently intended was that these detective sergeants should retain their position, unless reduced after a trial upon charges. This provision was complied with. Charges were made by the captain of the precinct to which the relator was assigned to duty. A copy of the charges, with a notice of hearing, was given to the relator. He appeared and pleaded guilty to the charges. The charge was a substantial violation of the rules of the department. His explanation was heard by the commissioner, who determined that the relator should be reduced to the rank of patrolman. There was nothing in this determination that would justify an interference by the court, and it follows that the proceeding must be affirmed, and the writ dismissed. with costs. All concur.