## SUPREME COUR?,

THE PEOPLE *ex rel.* GEORGE STAATS and another agt. LYMAN TREMAIN, Attorney General.

The court will not grant a mandamus where it will be fruitless and ineffectual to relieve the relator.

Therefore, where it appears that the treasurer of the state, under the constitu‑ tional inhibition, is unable to pay a bill of costs in an action, for want of an ap‑ propriation made by law, it is a sufficient reason why a mandamus should not issue to compel the attorney general to give a *certificate* under the statute that such action was duly instituted as by law required, such certificate being re‑ quired by the statute as evidence to the comptroller to authorize the drawing a warrant on the treasurer for such costs. When the end for which a mandamus is sought cannot be attained, none of the machinery should be set in motion. (*This decision reverses that at special term, ante, page* 10.)

*Kings General Term, February,* 1859.

SEVERAL suits were instituted against the relators, by the district-attorney of the county of Kings, in the name of the people, under the 21st section of the act to establish a metro‑ politan police district, comprising the counties of New-York, Kings, Westchester and Richmond, passed on the 15th of April, 1857, to recover penalties of $50 in each case, for pub‑ licly keeping and disposing of intoxicating liquors on Sundays. That act expressly authorizes the district attorney to bring such suits in the name of the people, for the benefit of the " police contingent fund," thereby authorized.

The actions were commenced in this court, they were tried at a circuit court, and verdicts therein were rendered for the defendants, upon which judgments for their costs were entered up against the people.

The Revised Statutes, as originally enacted, provide (2 *R. S.*, 553, § 14), that " whenever costs shall be adjudged against the people in *any* civil suit or proceeding instituted by *any* officer duly authorized for that purpose, it shall be the duty of the comptroller to draw on the treasurer for the amount thereof,

upon the production of an authenticated copy of the record of judgment, with a taxed bill thereof, and upon a certificate of the attorney general that such suit was duly instituted as by law required."

The relators applied to the attorney general to grant the certificate mentioned in the section of the Revised Statutes which I have quoted. That officer denied their application, and they applied to the court at special term, for a mandamus compelling him to give the necessary certificate to enable them to obtain the money from the state treasury. The court at special term granted the mandamus, and from that decision the defendant appealed to the general term.

C. J. JACK, *for plaintiffs.*
LYMAN TREMAIN, *attorney general, in pro. per.*

By the court—EMOTT, Justice. The fourteenth section of the 17th title of part 3, chapter 8th, of the Revised Statutes, directs that whenever costs are adjudged against the people of the state in any civil suit or proceeding instituted by any officer duly authorized for that purpose, it shall be the duty of the comptroller to draw on the treasurer for the amount thereof, upon the production of an authenticated copy of the judgment record, &c., and upon a certificate of the attorney general that such suit or proceeding was duly instituted as by law required. This is a mandamus to compel the attorney general to certify pursuant to this section, that certain suits for penalties unsuccessfully brought in Kings county, under the Metropolitan police law, were "*duly instituted.*" In the return to the alternative writ, the defendant states that no appropriation has been made by the legislature for the payment of these costs, and this allegation is admitted by the relators' demurrer. The present constitution of the state provides (*article* 7, *section* 8), that no moneys shall ever be paid out of the treasury of the state or any of its funds, except in pursuance of an appropriation by law. It will be seen, therefore, that upon the facts presented by these papers, the payment of the costs in question can-

not be made nor compelled from the treasury. This presents a question, which, I think, will dispose of the case without adverting to any of the other points covered by the argument.

It will be observed, that the statute does not expressly require the defendant to make the certificate in question, but it commands the comptroller to draw his warrant upon the treasurer, on the production of the proper evidence of the amount of these costs, accompanied by the attorney general's certificate The learned judge at special term held, that this provision, that an act of a public nature should be performed by the comptroller upon the performance of another act by the attorney general, was equivalent to a direction, that the latter act should be done by this officer. Admitting this to be so, and that certifying under this statute is an act. properly controllable by mandamus, both of which are propositions which I mean to pass without examination, as they are not material in the view I take of the case, admitting, I say, both these propositions, it is obvious to us that the duty of the attorney general can only be commensurate with that of the comptroller. When a case is presented, in which, with the certificate before him, it would be the duty of the latter officer to draw his warrant, it would be the duty of the former to certify. But when the comptroller ought not and could not draw his warrant with the certificate, the attorney general ought not to make the certificate. Are we to be called upon to compel one of these officers to make a certificate which the statute says shall be sufficient to impose upon the other the duty of drawing his warrant on the treasury, and which is intended for no other purpose, and yet, after this is done, at the next step deny our assistance, and refuse to direct the warrant? We are thus to refuse to compel obedience to the final and effectual mandate of the statute, after having compelled a compliance with all its preliminary requirements. Or, to put the case otherwise, why should we compel a compliance with these preliminaries, when we see that we cannot command the act in which they are to result? In the case of *The People ex rel. Woodworth* agt. *Burrows* (16 *How.*

27), this court, sitting in the third district, held, that where the treasurer could not pay a warrant, the comptroller would not be commanded to make it. The ground upon which a mandamus against the comptroller was refused in that case, was precisely that which exists here, namely, that there was no appropriation, and, therefore, the treasurer could not pay the warrant if made. I feel no dissatisfaction with that decision, on the contrary, it is founded upon a well-settled rule which is as decisive of this case as it was of that. If we refuse to compel the comptroller to draw the warrant because the treasurer ought not to pay it, is it not equally clear that we must refuse to compel the attorney general to certify, because the comptroller ought not to draw? It is plain, that this defence is as available to one of these officers as to the other. The attorney general may as well set up the impropriety of the comptroller making the warrant, as a reason why he should not certify, as the comptroller allege that the treasurer cannot pay, as a reason why he should not sign the warrant.

The inability of the treasurer to pay this bill of costs, or, rather, the constitutional inhibition upon his paying them, is a sufficient reason why this mandamus should be denied. When the end cannot be accomplished, none of the machinery should be set in motion. The object of all the provisions of the statute is, to regulate and provide for the payment of such claims out of the public treasury in the manner prescribed by law, and none of the proceedings which the statute contemplates is to be used for any other purpose than as one step in an orderly procedure to that end. When that object is impossible of attainment, we should not compel a single step towards it. The court will not grant a mandamus where it would be fruitless and ineffectual to relieve the relator. (*Tapping on Mandamus*, 67 ; *The People* agt. *Supervisors of Greene county*, 12 *Barb.* 217 ; *The Same* agt. *Burrows, qua supra.*) And by this is meant that the aid of the court will be refused when its writ will not finally avail the party or protect his rights, where he has no right to the ultimate relief to which his proceedings tend, or cannot redress his grievance in the proceeding which

he seeks to institute. Many authorities might be cited to this point, but it would be a waste of time to search for them. We do not sit to decide abstract questions, or to promulgate our opinions in authoritative form, for some future, it may be, indirect use or reference. Our duty is simply to administer the remedies which the law and the constitution afford to suitors, according to the rules which the law and the constitution prescribe.

It is said, that we may presume, at some future time, an appropriation will be made by the legislature for the costs in these and similar actions, and that the forms and proceedings which we are asked to compel the public officers to go through with, although fruitless now, may become effectual then. The answer is, that we are to decide this case by the facts as they exist now, and as they are placed before us. If the relator fails on these, he cannot sustain himself by conjectures of what is possible or probable in the future.

A peremptory mandamus is denied, and the defendant must have judgment with costs.

S. B. STRONG Justice, dissented.