THE PEOPLE ex rel. F. LE ROY SATTERLEE, Respondent, *v.*
THE BOARD OF POLICE, Appellant.

A police surgeon is not a clerk or employe, within the meaning of the provision of the act supplemental to the New York charter of 1873 (§ 2, chap. 755, Laws of 1873), which gives to the board of police power to fix the salaries and compensation of all clerks appointed by said board, and of all employes whom they may be authorized to appoint; he is an officer within the meaning of that act and of said charter (chap. 335, Laws of 1873.)

The provisions of the act of 1866 fixing the salaries of certain members of the Metropolitan Police Department (chap. 861, Laws of 1866) continued in force and governed as to appointees under the said charter of 1873.

In September, 1873, the relator was appointed police surgeon by resolution of the board, which fixed his salary at $1,500. He accepted the appointment, discharged the duties of the office and drew the amount of salary as so fixed. In proceedings to compel, by mandamus, the board of police to draw a requisition upon the comptroller for an amount sufficient to pay the difference between the salary so fixed and that fixed by said act of 1866, *held*, that the board had no power by resolution to fix the salary at a less amount than that prescribed by the statute; that the acceptance and discharge of the duties of the office under the appointment was not a waiver of the statutory provision, and did not constitute a binding contract to perform the duties of the office for the sum named in the resolution.

A board of officers having the power of appointment to an office cannot reduce the amount fixed by law as the salary of said office, or make a binding contract with their appointee to perform the duties of the office at a less sum.

Also *held*, that it was the duty of the board to draw a requisition for the amount, the performance of which could be compelled by mandamus; that the treasurer of the police department was not authorized to act independent of the board, but is its officer and under its control, and the requisition must be made by its order; and that it was no excuse for a refusal to perform this duty that there were no funds in the hands of the comptroller subject to the requisition of the board, as the relator had the legal right to compel a full performance of its duty by the board.

*It seems*, that in order to maintain an action against the city, upon a claim of this character, the corporation must be first put in default, and the person seeking payment must adopt the lawful remedy to put the police board in motion as preliminary to an action.

*People ex rel. Satterlee* v. *The Board of Police* (12 Hun, 653), reversed.

*People ex rel. Staats* v. *Tremain* (17 How. Pr., 142), distinguished.

(Argued June 18, 1878; decided November 12, 1878.)

1878.]    PEOPLE ex rel. SATTERLEE v. BOARD OF POLICE.    39

Statement of case.

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, reversing an order of Special Term, which directed the issuing of a writ of peremptory mandamus directed to the board of police of the city of New York, commanding them to draw their requisition upon the comptroller of the city of New York, requiring him to pay over to the treasurer of said city certain balances claimed to be due him upon his salary as police surgeon.   (Reported below, 12 Hun, 653.)

The relator was appointed a police surgeon on September 21, 1873, by the board of police, under a resolution which fixed his salary at $1,500.   He accepted the appointment and performed the duties of the office for over two years, drawing his salary as fixed by the resolution.   He claimed to be entitled to the salary as fixed by the act, chapter 831, Laws of 1866; i. e., $2,250.

*Charles W. Gould*, for appellants.   The relator was an officer.   (Laws 1873, chap. 335, §§ 42, 117 ; Laws 1873, chap. 755, § 1; *People ex rel. Davin* v. *Havemeyer*, 47 How. Pr., 59; *Sullivan* v. *Mayor, etc.*, id., 491; 48 id., 238; *Collins* v. *Mayor, etc.*, 3 Hun, 681; 2 Laws 1867, chap. 956, § 21, p. 2434.)   His salary was fixed by law and attached to his office.   (2 Laws 1866, chap. 861, p. 1991; Laws 1873, chap. 335, § 43.)   The relator having faithfully performed his duties was entitled during the period of his services to the statutory salary.   (Laws 1873, chap. 335, § 40; *Taylor* v. *Mayor, etc.*, 67 N. Y., 91; *People ex rel. Lynch* v. *Mayor, etc.*, 25 Wend., 680, 685; *Canniff* v. *Mayor, etc.*, 4 E. D. S., 430, 437; *Devoy* v. *Mayor, etc.*, 39 Barb., 169, 171; *People* v. *Devlin*, 33 N. Y., 288; *Connor* v. *Mayor, etc.*, 5 id., 296, 300.)   Relator has not waived the right to claim the balance of salary due him and is not estopped from doing so.   (*Underwood* v. *Farmers' I. S. Ins. Co.*, 57 N. Y., 506; *Smith* v. *Glen's Falls Ins. Co.*, 62 id., 87; *Plumb* v. *Cat. Co. Ins. Co.*, 18 id., 392; *Brown* v. *Bowen*, 30 id., 541; *Rindge* v. *Baker*, 57 id., 220; *Whitmore* v.

*Mayor, etc.*, 67 id., 21; *Taylor* v. *Mayor, etc.*, id., 91.) The treasurer of the police board pays all its salaries. (Laws 1873, chap. 755, § 7.) The mandamus prayed for should issue. (*Dannat* v. *Mayor, etc.*, 66 N. Y., 585; *McCullough* v. *Mayor, etc.*, 23 Wend., 458; *People* v. *Mead*, 24 N. Y., 120; *People ex rel. Taylor* v. *Brennan*, 39 Barb., 522–538.) Public policy demands that the relator's salary should be paid. (*Tucker* v. *Aiken*, 7 N. H., 140; *Alvord* v. *Collin*, 20 Pick., 428; *Newell* v. *Purdy*, 36 Wis., 213.)

*D. J. Dean*, for respondent. As the commissioners of police owe no duty to relator in relation to drawing the requisition he cannot maintain this proceeding. (Laws 1873, chap. 755, § 7, p. 1120; *People ex rel. Green* v. *Wood*, 13 Abb., 383.) The answer that there is no money in the hands of the comptroller subject to the requisition of the commissioners and applicable to the payment of the salary claimed is conclusive. (Laws 1873, chap. 335, §§ 112, 118; Laws 1873, chap. 757, § 20; *People* v. *Tremain*, 17 How. Pr., 142; Topping on Mandamus, 57.) The board of police had power to fix the salary of surgeons, Sept. 17, 1873. (Laws 1873, chap. 355, §§ 2, 40.) The relator's acts amounted to a waiver of any claim to the statutory salary. (*Phyfe* v. *Elmer*, 45 N. Y., 102; *Drew* v. *Mayor, etc.*, 8 Hun, 443.) The relator's right to the writ not being clear, a peremptory mandamus should not issue. (*People* v. *Booth*, 49 Barb., 31; *People* v. *Mayor, etc.*, 1 Wend., 318; Topping on Mandamus, 320.)

MILLER, J. The relator seeks relief by mandamus against the police commissioners, commanding them to draw their requisition upon the comptroller, compelling him to pay over to the treasurer of said board the balance due the relator for his salary, as a surgeon. The resolution of the board, conferring upon him the appointment, fixes the annual salary at $1,500. The relator claims, however, that the salary is established at the sum of $2,250, by statute (S. L. of 1866,

chap. 861, § 63), which declares that the salary and compensation of each surgeon shall be the sum last named. The relator was appointed in pursuance of section 40 of chapter 335 of the Laws of 1873, which provides that the board of police may appoint surgeons. A distinction is recognized, in the same act, between different classes of appointees by the board of police. Section 41 provides for the removal of members of the police force, after trial and upon written charges, and for the appointment and removal of clerks and employes, at pleasure, by the board. By section 42 surgeons and other officers named may be retired, as pensioners, while no provision is made for clerks and employes. The forty-third section provides that every person connected with the police department, at the time when the act takes effect, April 30, 1873, except as otherwise therein ordered, shall continue in office, at the salary or compensation then legally paid, etc. "But the commissioners may fix the salary and compensation of *such clerks* other than policemen whom they may be authorized by law to employ." By section 117 the surgeon of police is referred to as an officer. The term of office of the surgeons of police is also mentioned. Chapter 755 of the Laws of 1873, section 1, enumerates all the police officers, and among them are "surgeons." The second section of the same act confers upon the board of police the power to fix the salaries of all clerks appointed by the board, and all employes whom they may be authorized to appoint. The designation of "clerks" and "employes" is significant, and indicates an intention to exclude all other but those named, and if surgeons who take an official oath (*Collins* v. *The Mayor*, 3 Hun, 681) were intended, it would seem that they should have been designated. Certainly they are not "clerks," and as "employes" are usually considered as embracing laborers and servants, and those occupying inferior positions, they can scarcely be included in that class of persons. A difference is manifestly made between a clerk or employe and an officer ; and one who does not discharge independent duties,

but who acts under the direction of others is not an officer: *Sullivan* v. *The Mayor* (47 How. Pr., 491); same case in N. Y. C. P. (48 id., 238), and authorities cited.

The provision in section 43, in relation to the salary of those who continued in office, at the time the act of 1873, chapter 335, took effect, cannot affect the right of the relator to the salary provided by the act of 1866, because he was not in office on the day named. The last named act is the only provision regulating the salary of officers of this character, and must be regarded as in force, in reference to subsequent appointees. In view of the various statutes, to which reference has been had, we cannot resist the conclusion that there is no provision which conflicts with the statute of 1866; and the salary of the relator must be fixed thereby.

The next question which arises is, whether there was a waiver of the larger amount, and an acceptance of the smaller sum, by taking the appointment, under the resolution.

As the statute gave the salary, I think fixing the amount at a less rate, by resolution, could not make it less than the statute declared. There is no principle upon which an individual, appointed or elected to an official position, can be compelled to take less than the salary fixed by law. The acceptance and discharge of the duties of the office, after appointment, is not a waiver of a statutory provision fixing the salary thereof, and does not establish a binding contract to perform the duties of the office for the sum named. The law does not recognize the principle that a board of officers can reduce the amount fixed by law for a salaried officer, and procure officials to act, at a less sum than the statute provides, or that such officials can make a binding contract to that effect. The doctrine of waiver has no application to any such case, and cannot be invoked to aid the respondent.

The claim urged, that the commissioners owe no duty to the relator, to draw the requisition and, for that reason, he cannot maintain this proceeding, is not well founded. It is based upon the supposition that under chapter 755, section 7, of the Laws of 1873, the comptroller must pay over to

the treasurer of the police department, on the requisition of
the board, and the duty of drawing a requisition is due only
from the commissioners to, the treasurer.   The treasurer is
the officer of the board, under its control and direction, and
the requisition therefore may be made by its order.   That
officer has no such position or authority as authorizes his
action, in this respect, independent of the board.   He cannot
pay without the order of the commissioners, and if he could
draw the necessary funds to meet expenses lawfully incurred,
without the authority of the board, it would place him
beyond their reach or control.   The treasurer is not vested
with any such extended power, and the relator has no such
connection with that officer as to be compelled to look to
him alone for relief.   He is the appointee of the board of
police.  · They are to furnish the means to pay his salary,
and to direct the treasurer in reference to this, as well as all
necessary appropriations ; and he acts on their behalf, and
as their representative.

It is also insisted that it is a conclusive answer to the
application, that there is no money, in the hands of the comp-
troller, subject to the requisition of the commissioners, and
applicable to the payment of the salary claimed.   The
answer to this position is, that the relator has a legal right
to compel the police board to discharge its full duty.   If he
had received no portion of his salary, he clearly would be
entitled to a remedy against the board, for failing to procure
funds to pay the same.   He could, we think, by mandamus,
obtain the order of the court to compel the board to act as
the law requires, by making the proper requisition.   He is
no less entitled to relief for a portion of the salary which
has remained unpaid.   So long as the demand is legal and
just, and the city liable to pay the same, it furnishes no
excuse to the board of officers who fail to make the neces-
sary requisition, that the comptroller may have no funds.   It
is for that officer to interpose such an objection, upon an
application to him, and if it appear that it is valid, other
means, no doubt, may be adopted to secure payment of a

lawful demand. In order to bring an action against the city, for a claim of this character, the corporation must first be put in default ; and as the board of police must draw a requisition in favor of the treasurer upon the comptroller, and provide a way by which he may be put in funds, to meet any lawful demand, the person who seeks payment of his claim must adopt the lawful remedy to put the board in motion, as preliminary to an action. Such action can only be sustained after the proper steps have been taken, and, in case of default on the part of the city authorities, in failing to discharge some duty imposed by statute. (*Dannat* v. *The Mayor*, 66 N. Y., 585.)

The case of *The People* v. *Tremain* (17 How. Pr., 142), which is relied upon by the respondent, has, we think, no application. That was an application against a State officer to compel payment of a demand, for which no appropriation was made, and payment being impossible, the motion was denied, for that reason. Here the application is to compel a requisition upon an officer from whom the funds are to be procured to pay an obligation incurred according to law, for which the city authorities are bound to provide. In the case cited, the law furnishes no remedy by action, while in cases where no remedy can be obtained by mandamus, there is ground for holding that an action will lie. It is a proceeding which must be invoked, however, preliminary to the bringing of an action, to compel payment of the demand. (*Dannat* v. *The Mayor*, *supra*.)

The General Term erred in reversing the order of the Special Term, and their order must be reversed and that of the Special Term affirmed, with costs.

All concur, except FOLGER, J., not voting.

Ordered accordingly.