(36 App. Div. 185.)

PEOPLE ex rel. BIERACH v. YORK et al.

(Supreme Court, Appellate Division, First Department. January 20, 1899.)

MUNICIPALITIES—LIMITATION OF ACTIONS—POLICE OFFICER.

The provisions of Greater New York Charter, § 302, requiring an .action by a police officer against the city for salary or reinstatement to be commenced within two years from cause of action accrued, and that causes "heretofore accrued may be * * * brought within six years, * * * and within two years of the passage of this act," are identical with those of Consol. Act, § 272, as amended by Laws 1884, c. 180, § 7, except in the name of the police authorities and of the municipality. Section 1608 of the charter provides that, so far as the provisions of the charter are the same in substance as those of the consolidation act, the charter is not to be a new enactment, but a continuation of the consolidation act. *Held,* that the six-years limitation applied only to causes accruing before the passage of the amendment of 1884.

Appeal from special term, New York county.

Certiorari by the people, on the relation of Edmund W. Bierach, against Bernard J. York and others, commissioners composing the board of police of the police department of the city of New York. There was an order quashing the writ, and relator appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Otto H. Droege, for appellant.
Terence Earley, for respondents.

PATTERSON, J. Prior to the 6th day of September, 1895, the relator was a member of the force of the police department of the municipal corporation then known as the "Mayor, Aldermen, and Commonalty of the City of New York." On that day he was dismissed from the force. On the 11th day of May, 1898, a writ of certiorari applied for by him was allowed, directed to the respondents, who are the commissioners composing the board of police of the police department of the present city of New York, the successor corporation of the mayor, etc. The purpose of the writ is to review the action of the police commissioners of the mayor, etc., in their dismissal of the relator. The respondents moved to quash the writ, on the ground that the same was improvidently granted, in that the time of the relator to sue out a writ had expired by limitation of law. From the order quashing the writ, this appeal is taken.

It is not denied that before the 1st of January, 1898, a two-years limitation applied to this proceeding, and, under the law as it existed prior to that date, it was barred. The relator's present contention is that, by a provision of section 302 of the Greater New York charter, the time within which he might sue out a writ was extended to six years from the date of his dismissal. That provision reads as follows, viz.:

"No action, suit or proceeding, either at law or in equity, shall be commenced or maintained against the police department, or any member thereof, or against the police board, police commissioners, or either of them, or against the city of New York, by any member or officer, or former member or officer of or belonging to the police force or department of said city, to recover or compel the payment of any salary, pay, money or compensation for or on account of any service or duty, or to recover any salary, compensation or moneys, or any part thereof, forfeited, deducted or withheld for any cause, or to restore or reinstate to the police force or department any member or officer thereof, unless such action, suit or proceeding shall be commenced within two years after the cause of action shall have accrued: provided, that causes of action or proceedings which shall have heretofore accrued may be begun or brought within six years after the same shall have accrued, and within two years after the passage of this act; but nothing in this section contained shall be construed or held to extend the time in which causes of action or proceedings which shall have heretofore accrued must be brought."

The argument of the relator is, in substance, that the section of the Greater New York charter above quoted prescribes a new rule, which is to be construed as enacted at and operative from the time at which the charter went into effect, namely, January 1, 1898; and, so considering it, he invokes the principle of statutory construction that the apparent repugnancy between the proviso respecting proceedings "heretofore accrued" and the exception or saving clause contained in the last sentence of section 302 requires the rejection of the exception or saving clause, as it is impossible that it can stand with the general purpose of the proviso. We are not required to consider either the accuracy of the relator's statement of the rule of construction he invokes, or to make the effort to harmonize the provisions of section 302 of the Greater New York charter, but only to inquire as to its application to proceedings such as that now before us, originating in that part of the present city of New York which consists of the boroughs of Manhattan and Bronx. What we shall have to say further in disposing of this case is to be understood as applying only to cases or proceedings which prior to the 1st of January, 1898, would have been brought or taken against the police or municipal authorities, or the corporation itself, of the mayor, aldermen, and commonalty of the city of New York.

The provisions of section 302 of the Greater New York charter now material are identical, verbatim, with those of section 272 of the New York City consolidation act, as amended by Laws 1884, c. 180, § 7, except in the designation of the names of the police authorities and of the municipal corporation. Section 1608 of the Greater New York charter provides, among other things, for the repeal of inconsistent provisions of the New York City consolidation act, but by that section it is also enacted as follows:

"So far as the provisions of this act are the same in terms or in substance and effect as the provisions of the said consolidation act, or of other acts of the legislature now in force relating to or affecting the municipal and public corporations or any of them herein united and consolidated, this act is intended to be not a new enactment, but a continuation of the said consolidation act, * * * and is intended to apply the provisions thereof as herein modified to the city of New York as herein constituted, and this act shall accordingly be so construed and applied."

The provisions of section 302 of the Greater New York charter are, in substance and effect, the same as those of section 272 of the con-

solidation act, and they affect the municipal corporation. The provisions of the section of each act relate to the same subject. There is no other modification than the substitution of the new name of the municipal corporation and of its officers. In other respects, the section of the Greater New York charter is a literal transcript of the section in the consolidation act. Therefore it is a provision which, by the terms of section 1608, is declared to be, not a re-enactment, but a continuation, of the provisions of the consolidation act. There has been no repeal of section 272 of the consolidation act. "Continuation" means the uninterrupted operation of the provisions of the consolidation act, and the same section (1608) requires that section 302 shall be so construed and applied. Not only is the same interpretation demanded, but the application to a concrete case—that is to say, the use to be made of the provision—must be the same under section 302 of the Greater New York charter as it would have been under section 272 of the consolidation act. Here is a clear legislative expression of a definite purpose. No new rule was intended to be made; no new conditions are provided for. So far as applicable to the present case, the provisions of the consolidation act, as to proceedings against the police or city authorities by members of the force or former members of the force, have never been changed. Section 1608 is a declaration that on that subject no new legislation was made, that no new right was conferred, that no new construction was to be given, and no other application was to be made than such as was authorized under the law as it stood in 1884. It necessarily follows, from this view of the case, that the proviso relating to six years' limitation is to be construed as applying to cases arising before the passage of the amendment of 1884 of section 272 of the consolidation act, and, so construed, the relator's right to sue out a writ of certiorari was limited to two years from the date of his dismissal.

The order quashing the writ must therefore be affirmed, with costs. All concur.