## PAY FOR PUBLIC SCHOOL TEACHERS WHILE ATTENDING TEACHERS' INSTITUTES.

Circuit Court of Lawrence County.

THE BOARD OF EDUCATION OF ELIZABETH TOWNSHIP, LAWRENCE COUNTY, OHIO, v. CORA D. BURTON. *

Decided, March 12, 1908.

*Stipulation not to Demand Pay While Attending Teachers' Institute not Enforcible—Purpose of the Legislature in Providing for such Payment—When Benefit of a Statutory Provision may be Waived—Boards Without Authority to Reduce Compensation Fixed by Law Contracts against Public Policy—Section 4091.*

In a contract between the B. of E. and C. D. B., under which C. D. B., was to teach an eight months term of school at $45 per month, was included a stipulation that such teacher would not exact, demand or accept pay for attending the teachers institute. *Held:* Such stipulation is against public policy and void, and in an action for the purpose the teacher can recover the sum fixed by statute for such attendance.

*L. R. Andrews,* for plaintiff in error.
*A. R. Johnson* and *A. J. Layne,* contra.

CHERRINGTON, J.; WALTERS, J., and JONES, J., concur.

Error to the court of common pleas.

Cora D. Burton brought suit before a justice of the peace in this county to recover $11.25, to which she, as a school teacher, was entitled under Section 4091 of the Revised Statutes, for one week's attendance at the teachers' institute held in Lawrence county, the first week in September, 1906. The trial before a jury resulting in a verdict for the defendant, the board of education, on which judgment was entered against the objection of plaintiff. The case was taken to the common pleas court on error, where the judgment was reversed and cause set down for trial. The only issue in the case was made by the bill of particulars before the justice of the peace, and the evidence intro-

---

* Affirming *Burton* v. *Board of Education,* 5 N. P.—N. S., 294.

duced on the trial before common pleas and a jury. At the close of plaintiff's testimony, the defendant declining to offer any evidence, the court instructed the jury to return a verdict for the plaintiff for the amount claimed. This proceeding in error is to reverse the judgment entered on the verdict.

There is really no dispute as to the facts in the case. The evidence shows substantially that on the 18th of April, 1906, the plaintiff was hired by the defendant to teach a district school for a term of eight months, at $45 per month, beginning the second Monday in September following, and contemporaneously with the contract to teach she agreed not to exact or accept pay for attending the teachers' institute in the following words:

"Elizabeth Township, 4—18—1906.

"I hereby agree to teach the school assigned me and will not exact or demand in any way or accept pay for attending the teachers' institute.

"CORA D. BURTON."

She taught the full term, receiving pay therefor monthly at the stipulated price. Near the expiration of the term, viz., April 20th, 1907, she presented to the defendant a certificate in due form showing one week's attendance at the teachers' institute, signed by the president and secretary. of the institute, requesting pay for the attendance, which was refused.

A number of errors are assigned on the record, which we regard as secondary in importance, and will not touch upon them, but will briefly direct attention to the real question in the case, namely, the character of the stipulation not to accept pay for attendance at the institute, the claim of counsel for defendant in error being that it is against public policy and void. Counsel for plaintiff in error insists that if the contract of employment is contrary to public policy and void, it is unlawful and illegal, and the court should give no relief. It is sufficient answer to that suggestion to say that if the argument could be made available in any possible event it would be in answer to a suit to recover wages for teaching, whereas this is an action to recover a sum fixed by the statute as due her, and in no possible way de-

pendent upon the will or agreement of the board of education.
  Section 4091, Revised Statutes, provides:

  ''All teachers of the public schools within any county in which
a county institute is held may dismiss their schools for one week
for the purpose of attending such institute, and when such
institute is held while the schools are in session the boards of
education of all school districts are required to pay the teachers
of their respective districts their regular salary for the week
they attend the institute upon the teachers presenting a certifi-
cate of full regular daily attendance at said institute signed by
the president and secretary thereof; the same to be paid as an
addition to the first month's salary after said institute by the
board of education by which said teacher is then employed, or in
case he is unemployed at the time of the institute, then by the
board next employing said teacher, provided the term of said
employment begins within three months after said institute
closes.''

  It was doubtless the policy of the Legislature to encourage
teachers to avail themselves of the opportunities afforded by
the institutes and to better fit themselves to instruct the youths
committed to their charge.  This is a policy commendable in
itself, and likely to be a public benefit, and any act or agree-
ment in contravention of it should receive little favor at the
hands of courts.

  In Cyc., Vol. 9, 480, it is said:

  ''A person may lawfully waive by agreement the benefit of a
statutory provision, but there is an imputed exception to this
general rule in the case of a statutory provision where waiver
would violate public policy expressed therein, or where rights
of third parties, which the statute was intended to protect, are
involved.''

  *Id.* 481, speaking of contracts as against public policy:

  ''When a contract belongs to this class, it must be declared
void, although in the particular instance no injury to the public
may have resulted.  In other words, its validity is determined
by its general tendency at the time it is made, and if this is
opposed to the interests of the public it will be invalid, even
though the intent of the parties was good, and no injury to the
public would result in the particular case.  The test is the evil

tendency of the contract, and not its actual injury to the public in a particular instance.''

In *Salt Co.* v. *Guthrie,* 35 O. S., 672, McIlvaine, C. J., said:

''Courts will not stop to inquire as to the degree of injury inflicted upon the public; it is enough to know that the inevitable tendency of such contracts is injurious to the public.''

In *People, ex rel F. Leroy Satterlee,* v. *Board of Police,* 75 N. Y., 38, is the following syllabus:

''The provisions of the act of 1866, fixing the salaries of certain members of the Metropolitan Police Department (Chap. 861, Laws of 1866), continued in force and governed as to appointees under the said Charter of 1873. In September, 1873, the relator was appointed police surgeon by resolution of the board, which fixed the salary at $1,500. He accepted the appointment, discharged the duties of the office and drew the amount of the salary as so fixed. In proceedings to compel, by mandamus, the board of police to draw a requisition upon the comptroller for an amount sufficient to pay the difference between the salary so fixed and that fixed by said act of 1866— *Held:* That the board had no power by resolution to fix the salary at a less amount that that prescribed by the statute; that the acceptance, and discharge of the duties of the office, under the appointment, was not a waiver of the statutory provision, and did not constitute a binding contract to perform the duties of the office for the sum named in the resolution. A board of officers having the power of appointment to an office can not reduce the amount fixed by law as the salary of said office, or make a binding contract with their appointee to perform the duties of the office at a less sum.''

From these authorities and on principle we hold that the common pleas did not err in directing a verdict for the plaintiff.

Judgment affirmed.