(173 App. Div. 355)

PEOPLE ex rel. FISKE v. WOODS, Police Com'r, et al.

(Supreme Court, Appellate Division, Second Department. June 2, 1916.)

1. MUNICIPAL CORPORATIONS ⊕=180(3)—POLICE SURGEON—SUSPENSION—
PROPRIETY—CITY CHARTER.

Under Greater New York Charter (Laws 1901, c. 466) § 300, providing that no member of the police force shall be removed, suspended, or dismissed until written charges shall have been made or preferred against him, a police surgeon, duly appointed a member of the police force under section 276, and section 299 as amended by Laws 1907, c. 160, § 4, creating the office and fixing its salary, was improperly suspended without pay by the police commissioner because the board of estimate and apportionment, in making up the annual budget for the following year, had provided for the salaries of but 20 police surgeons, though there were in fact 24

such officers, since the surgeon's office, being a public office created by statute, with its salary fixed thereby, and with the term terminable in the mode specified by statute, was not subject to abolition by the spontaneous act of the commissioner or the board's act in refusing to provide therefor.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 452, 453, 455, 466; Dec. Dig. ☞180(3).]

2. MUNICIPAL CORPORATIONS ☞185(5)—POLICE—CHANGE IN COMPOSITION OF FORCE—STATUTE.

Under New York City Charter, § 276, detailing the composition of the police force, the board of estimate and apportionment cannot change the composition of such force, except under the circumstances and in the manner thereby provided.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 497; Dec. Dig. ☞185(5).]

Appeal from Special Term, Kings County.

Mandamus by the People, on the relation of Edwin H. Fiske, against Arthur Woods, as Police Commissioner, etc., and others. From an order granting relator's motion for a peremptory writ, defendants appeal. Order affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and RICH, JJ.

William E. C. Mayer, of New York City (Terence Farley and Elliot S. Benedict, both of New York City, on the brief), for appellants.

Alfred J. Talley, of New York City (Joseph A. McNamara, of New York City, on the brief), for respondent.

CARR, J. [1] The relator, Fiske, was duly appointed to the office of police surgeon in the police force of the city of New York on August 3, 1911, and continued to serve in said office until December 31, 1915. He then received a notice in writing from the police commissioner of said city, which stated that:

"You are suspended without pay, to take effect 12 midnight, December 31, 1915; no provision having been made in the budget for the year 1916 for your position as police surgeon, and your services being no longer required."

It appears that the board of estimate and apportionment, in making up the annual budget for the year 1916, and the board of aldermen, in confirming said budget, had made provision for the salaries of but 20 police surgeons, although at that time there were in fact 24 such officers. Section 1542 of the Greater New York Charter makes it the duty of all heads of departments of said city so to regulate the expenditures of their departments as not to exceed in any one year the amount appropriated by the board of estimate and apportionment for the expenditures for any purpose or object of the department. The situation confronting the police commissioner was, therefore, that 4 police surgeons then in office were unprovided for as to salaries for the year 1916. To meet this situation, he attempted to abolish the particular office then held by the relator.

There is no question in this case as to the regularity of the relator's appointment to office. The office of police surgeon is created by

specific provision of statute. Greater New York Charter, § 276. The salary of the office is fixed by statute at $3,500 per annum, and the rank of such officer in the police force of said city is declared to be "the same rank as a captain of police detailed to act as inspector." Section 299 of Greater New York Charter. The relator, being a member of the police force, held a tenure of office the same as the other members thereof. By section 300 of the charter aforesaid it was provided:

"But no member or members of the police force * * * shall be fined, reprimanded, removed, suspended or dismissed from the police force until written charges shall have been made or preferred against him or them, nor until such charges have been examined, heard and investigated before the police commissioner or one of his deputies."

Therefore the tenure of the relator's office was not at the pleasure of the appointing power, but practically during good behavior. The relator's office, being a public office created by statute, with a salary fixed by statute, and with a term or tenure terminable in a mode specified by statute, was not subject to abolishment, either by the spontaneous act of the police commissioner or by the act of the board of estimate and apportionment in refusing to make provision therefor in the annual budget. People ex rel. Satterlee v. Board of Police, 75 N. Y. 38.

[2] Section 1542 of the charter, as aforesaid, is but a re-enactment of practically similar provisions of earlier statutes applying to the city of New York, and has been the subject of numerous judicial decisions. In none of the cases cited by the appellants has it been held that the failure of the board of estimate and apportionment to make an appropriation for the salary of a statutory public officer, when the salary and tenure of the office were declared by statute, authorized the abolishment of the specific office without express grant of power from the Legislature. Nor does section 276 of the charter, as aforesaid, authorize the board of estimate and apportionment to change the composition of the police force of the city of New York, except under the circumstances and in the manner therein provided. That section reads in part as follows:

"Until otherwise provided by the board [of estimate and apportionment], upon the recommendation of the mayor and the police commissioner, the police force in the police department created by this chapter, shall consist of the following members, to wit: * * * surgeons of police, not exceeding forty in number, one of whom shall be chief surgeon."

It is alleged in the moving papers of the relator that, at the time the board of estimate and apportionment took its action as aforesaid, the police commissioner had not recommended to said board a reduction in the number of the police surgeons from 24, as then existing, to 20. This allegation is not denied. As the facts appear undisputed, a situation did not exist in which the board of estimate and apportionment had power to reduce the composition of the police force as detailed in section 276 of the charter, as above quoted. While the learned court at Special Term was of opinion that that section 276 authorized only an increase in the composition of the police force under the defined circumstances, that question is not before us for decision upon

the facts of this case. We are of opinion, therefore, that the police commissioner had no power to abolish the office of the relator—for such in fact was a permanent suspension without pay— and that the board of estimate and apportionment, under the facts of this case, was under the duty of providing for the statutory salary of the relator in the annual budget for 1916.

The order granting a peremptory writ of mandamus for the reinstatement of the relator in his office as police surgeon is affirmed, with $10 costs and disbursements. All concur.