William M. O'Connor, Appellant, v. The City of New York, Respondent.

First Department, June 8, 1917.

**Municipal corporations — police officers, city of New York — increased salary after promotion dates from anniversary of appointment for probationary service — action by police officer to recover balance due — limitation of action — New York charter, section 302, construed — defenses — acceptance of salary — accord and satisfaction — mandamus not prerequisite to action — failure of civil service commission to certify patrolman's name.**

When section 284 of the charter of the city of New York was amended by chapter 278 of the Laws of 1907, providing that service on the police force of said city during the period of probation under the rules of the municipal civil service commission shall be deemed to be service in the uniformed force if succeeded by a permanent appointment, the advancement of a patrolman who has been appointed permanently after serving his period of probation should occur each year on the anniversary or semi-anniversary of his probationary appointment, and not on the anniversary or semi-anniversary of his permanent appointment.

Hence such patrolman, having been successively promoted, was entitled automatically to the increase of salary on the anniversaries of the date of his probationary appointment; and where by error his increased salaries have been paid only from the later anniversaries, he is entitled to recover the difference from the city.

The two years' Statute of Limitations contained in section 302 of the city charter does not relate to such action, but, on the contrary, relates only to suits by police officers concerning disciplinary fines and punishments. The six years' Statute of Limitations is the only statute affecting said action.

The plaintiff, by accepting his salary under the erroneous ruling that the increase was to date from the anniversaries of his permanent appointment, did not waive his claim against the cty for the balance legally due.

Nor did the acceptance of said salary amount to an accord and satisfaction.

It is no defense to said action that the plaintiff did not invoke the writ of mandamus to compel the police commissioner to place his name on the payroll at the proper rate.

Nor is it a defense that the civil service commission never certified any list containing the plaintiff's name, for the fact that the plaintiff was regularly advanced by the police commissioner, after examination for promotion, establishes his efficiency and good conduct.

Nor is it a defense that no appropriation was made to pay the compensation of the plaintiff at the legal rate, as he was entitled thereto by the specific terms of the statute.

APPEAL by the plaintiff, William M. O'Connor, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 15th day of March, 1916, denying his motion for judgment on the pleadings consisting of a complaint and the answer thereto.

*Alfred J. Talley*, for the appellant.

*John F. O'Brien*, for the respondent.

SHEARN, J.:

Plaintiff is a patrolman in the police department of the city of New York. After qualifying in competitive examination, he was duly appointed to said position on the 28th day of February, 1907. Since that date he has continued in the department in the same capacity. Rule XI, subdivision 2, of the rules and regulations of the municipal civil service commission of the city of New York, as in force at the time of plaintiff's appointment, provided for a probationary period of one month for appointees to the police department. On March 27, 1907, at the expiration of his one month probationary period, plaintiff was duly appointed permanently as a uniformed patrolman in the seventh grade. By section 299 of the charter (Laws of 1901, chap. 466, as amd. by Laws of 1905, chap. 637, and Laws of 1907, chap. 160) patrolmen are divided as to salary into seven grades, the minimum salary being $800 for the seventh grade and the maximum salary being $1,400 for the first grade. Plaintiff was advanced in grade each year following his appointment on the anniversary or semi-anniversary of his permanent appointment until on March 27, 1912, he attained his maximum salary, $1,400 per annum. On May 4, 1907, chapter 278 of the Laws of 1907 became effective, amending section 284 of the charter, and

providing that service during probation shall be deemed to be service in the uniformed force, if succeeded by a permanent appointment, " and as such shall be included and counted in determining eligibility for advancement, promotion, retirement and pension." Plaintiff correctly claims that pursuant to this act of 1907 his advancement in salary should have occurred each year on the anniversary or semi-anniversary of his probationary appointment. By reason of either a mistake in the interpretation of the law or inadvertence, the plaintiff's salary was not advanced in accordance with sections 284 and 299 of the charter, and plaintiff claims that he is entitled to the sum of fifty dollars, with interest, because each annual or semiannual increase was withheld for one month by defendant each year for five years following plaintiff's probationary appointment. Plaintiff filed a notice of claim and intention to sue on October 22, 1914, and instituted this action on December 31, 1914. The city answered, setting up seven separate defenses and two separate and partial defenses. One of the complete defenses was the two-year Statute of Limitations contained in section 302 of the charter. Upon plaintiff's motion for judgment on the pleadings, the learned justice at Special Term, without passing upon the other defenses, held that the action is barred by section 302 of the charter.

So far as pertinent to the present action, the provisions of section 302, upon which defendant relies, are:

" Police commissioner; punishments by; limitations of suits for reinstatements, etc. § 302. * * *

" No action, suit or proceeding, either at law or in equity, shall be commenced or maintained against the police department, or any member thereof, or against the police commissioner, or against the mayor, or against The city of New York, by any member or officer, or former member or officer of or belonging to the police force or department of said city to recover or compel the payment of any salary, pay, money or compensation for or on account of any service or duty, or to recover any salary, compensation or moneys, or any part thereof forfeited, deducted or withheld for any cause, unless such action, suit or proceedings shall be commenced within two years after the cause of action shall have accrued; provided that causes of action or proceedings which shall have

heretofore accrued may be begun or brought within six years after the same shall have accrued and within two years after the passage of this act; but nothing in this section contained shall be construed or held to extend the time in which causes of action or proceedings which shall have heretofore accrued must be brought, and no proceeding shall be brought to procure the restoration or reinstatement to said police force or department of any member or officer thereof, unless said proceeding shall be instituted within four months after the decision or order sought to be reviewed." ·

On behalf of the city it is contended that the statute prescribes two classes of claims barred by the term of years designated therein: (1) " Salary, pay, money or compensation for or on account of any service or duty," and (2) " Salary, compensation or moneys, or any part thereof forfeited, deducted or withheld for any cause." Reading these words quoted from the statute, without consideration of the context and without considering the history of the section or decisions construing and applying other parts of the section, the contention of the city would appear to be well founded. It is said that all that it is necessary to do is to hold that the statute means just " what it says." Unfortunately, owing in part to the fact that the charter in its present form is more or less of a patchwork, made up of excerpts from the old Consolidation Act, changes proposed by the commissioners and frequent amending acts, it is not always possible to work out justice by applying a rule of literal construction. " It is a familiar rule that a construction of a statute is to be avoided which is liable to produce a public mischief or to promote injustice. Language, however strong, must yield to what appears to be the intention, and that is to be found, not in the words of the particular section alone, but by comparing it with other parts or provisions of the general scheme of which it is a part." (*Hayden* v. *Pierce,* 144 N. Y. 512, 516.) Plaintiff is suing to recover certain increments of salary which have been earned and which should have been paid to him and would have been paid to him but for a mistake as to the law or an inadvertent omission, which mistake or omission was not made by the plaintiff but was made by the defendant. The money sued for was never forfeited for any cause; neither was

it ever deducted or withheld for any cause. A manifest injustice has been done to the plaintiff and it remains to be seen whether the statute must be interpreted so as to perpetuate injustice. That all of the limitations in this section are not to be strictly construed as they literally read has been decided by the Court of Appeals. For example, when the portion of the statute under consideration was incorporated in the charter of 1901 there was inserted a provision that " No proceeding shall be brought to procure the restoration or reinstatement to said police force or department of any member or officer thereof, unless said proceeding shall be instituted within four months after the decision or order sought to be reviewed." Where a member of the police force who had been retired on account of physical incapacity desired to bring a proceeding for reinstatement, his case would fall within the literal terms of the statute just quoted, yet it was held in *People ex rel. Hurlbut* v. *Bingham* (186 N. Y. 538) that the four months' limitation " does not apply to a proceeding to restore to active duty a member of the police force who has been retired on account of alleged physical incapacity." The only conceivable ground for so holding must have been the obvious one that this limitation was found in a statute having to do exclusively with disciplinary proceedings and could never have been intended to apply to the case of an officer retired on account of physical incapacity. (See, also, *People ex rel. Tims* v. *Bingham*, 166 N. Y. Supp. 28, opinion by CLINCH, J.) In the city's brief, filed in the Court of Appeals in the *Hurlbut* case, reference was made to the reasoning of the court in the *Tims* case, and it was stated: " Similar reasoning would restrict the application of the provisions limiting the time to recover back salary to two years to such cases [disciplinary proceedings] although the language ' excludes money withheld for any cause.' " Thus the corporation counsel correctly apprehended that an affirmance of the *Hurlbut* case on the reasoning of the *Tims* case would have the force that is herein given to the *Hurlbut* decision.

The title of section 302 is " Police commissioner; punishments by; limitations of suits for reinstatements, etc." The whole of the long section deals with disciplinary fines and punishments. The title of an act defines its scope and its

valid provisions are limited to those within the range of the subjects stated in the title. The abbreviation "etc.," in that part of the title reading "limitations of suits for reinstatements, etc.," is significant, and under a familiar rule of statutory construction must refer generally to things the same in kind as those particularly specified. The part of section 302 immediately preceding the limitation clause reading "to recover or compel the payment of any salary, pay, money or compensation for or on account of any service or duty, or to recover any salary, compensation or moneys, or any part thereof forfeited, deducted or withheld for any cause," refers to fines, forfeitures and deductions because of violations of the rules of the police department or because of absence without leave, and all other parts of the section refer to forfeitures, deductions and withholding of salary for cause, the cause in every case being dereliction of duty or absence without leave. This two-year limitation appeared for the first time in the Laws of 1884, chapter 180, section 7, which was an amendment to the Laws of 1882, chapter 410, section 272 (New York Consolidation Act), and had to do only with cases of reinstatement to the police force. Section 272 of chapter 410 of the Laws of 1882 bears, as a marginal note in the official edition, the following: "Dismissals, etc., from police force." Section 7 of chapter 180 of the Laws of 1884, which amended section 272 of chapter 410 of the Laws of 1882 (Consolidation Act), contains provisions identical with those found in section 302 of the charter under consideration. The following marginal notes appear in the official edition of the Session Laws of 1884 by the side of section 7 of chapter 180: "On conviction, member of force may be suspended, etc." "Salary may be withheld in case of sickness, etc." "Within what time actions may be brought."

In *People ex rel. Bierach* v. *York* (36 App. Div. 185) it was held that the provisions of section 302 of the charter (Laws of 1897, chap. 378) are in effect and substance the same as those of section 272 of the Consolidation Act and that the charter did not work any repeal of that section of the Consolidation Act, and that provisions relating to proceedings against the police or city authorities by members of the force or former members of the force were not changed thereby.

Section 1608 of the charter provides that so far as the provisions of the charter are the same in terms or in substance and effect as the provisions of the Consolidation Act the charter is intended to be not a new enactment but a continuation of the Consolidation Act and shall be so construed. (See, also, Laws of 1901, chap. 466, § 1608.) When this two-year limitation first appeared in the act of 1884 it applied to reinstatements as well as to actions for back pay or pay withheld. Inasmuch as it was held by the Court of Appeals, when this particular limitation was changed to four months, that it referred only to reinstatements after discipline, it follows that the two-year limitation, applied to reinstatements in the act of 1884, referred only to reinstatements after discipline. In other words, the limitations on the commencement of actions, found in the act of 1884 and carried forward, did not apply to all actions, and. as the Court of Appeals has confined the limitation as to reinstatements to cases where the plaintiff has been disciplined, it would seem to be entirely consonant with this decision, as well as in harmony with the history of the statute, to make the same exception to all of the other limitations in the section, and apply the same only where pay has been forfeited or withheld for cause. Such an interpretation is fortified by the consideration that it tends to prevent a plain injustice. There is a good reason why there should be a short limitation in actions involving any review of disciplinary procedure in the police department, but there is no reason whatever why the ordinary rule of limitations governing actions on contract should not apply in the case of a policeman suing for salary earned but which the city has failed to pay without any fault on his part and as a result of its own mistake of law or inadvertence. It follows that the first and second separate defenses are insufficient, and in so far as the decision of the learned Special Term is based upon them it should not be sustained.

The third and fourth separate and partial defenses plead the six-year Statute of Limitations. These defenses are good as applying to the increment of salary which plaintiff was entitled to receive in the month of March, 1908, amounting to eight dollars and thirty-three cents.

The fifth defense is that plaintiff accepted his salary for

the period involved and by so doing waived all claims against the defendant. This defense is insufficient. (*Moore* v. *Board of Education*, 121 App. Div. 862; affd., 195 N. Y. 614.)

The sixth defense is accord and satisfaction, but it must be, and evidently is, conceded by the city that the facts afford no basis for any such defense.

The seventh defense is plaintiff's failure to mandamus the police commissioner to place his name on the payroll at the proper rate, which defense may be considered together with the eighth, setting forth that the civil service commission has never certified any list containing plaintiff's name. Plaintiff contends that the advance is automatic and relies on *Lowery* v. *City of New York* (166 N. Y. Supp. 400), GREENBAUM, J., holding that section 740 of the charter, providing for a similar advancement of firemen, acted automatically. (See Laws of 1901, chap. 466; § 740, as amd. by Laws of 1912, chap. 328.) That case is inapplicable because there does not appear to be any provision requiring an examination of firemen before advance in grade such as is required by section 299 of the charter for patrolmen. The defense, however, is insufficient, because the fact that the police commissioner did regularly advance the plaintiff from grade to grade shows that his record, efficiency and conduct had been approved by the police commissioner, but that a mere mistake was made in excluding the probation month from the reckoning to fix the rate of pay. When plaintiff was advanced from time to time after examination and approval of his record, efficiency and conduct by the police commissioner, the legal rate of pay to which plaintiff was entitled had his term of service been properly reckoned became fixed automatically and plaintiff did not lose his right of action by failure to resort to mandamus.

The ninth defense alleges that no appropriation was made to pay the compensation of the plaintiff at the rate which he claims he was entitled to be paid. This does not constitute any defense where the statute specifically fixes the salary. (*People ex rel. Fiske* v. *Woods*, 173 App. Div. 355.)

It follows, therefore, that but for the bar of the six-year statute to the increment of salary accruing in March, 1908, plaintiff was entitled to judgment. Nevertheless, as there is a sufficient partial defense interposed, plaintiff's motion

for judgment could not be granted on a complaint embracing an item that accrued in March, 1908. Accordingly the order must be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.