BENJAMIN DUBINS, Plaintiff, *v.* THE CITY OF NEW YORK, Defendant.

Municipal Court of New York, Borough of Bronx, Second District, October 31, 1941.

*Louis Pitman,* for the plaintiff.

*William C. Chanler, Corporation Counsel,* for the defendant.

McGRATH, J. This is a motion for summary judgment by the plaintiff under rules 113 and 114 of the Rules of Civil Practice and a cross-motion for summary judgment by the defendant. Both sides concede that there has been no interpretation of the provisions of Local Law No. 6 of the New York City Local Laws of 1940 and the powers of the commissioner to withhold salaries upon applications for leave of absence without pay.

The plaintiff, Benjamin Dubins, a first-grade patrolman, was seriously wounded while in the performance of his duty. The gunshot wound left him crippled, to such an extent that the plaintiff was retired on disability pension on July 16, 1940, by the police department of the city of New York. The plaintiff applied for leave of absence without pay for the purpose of enabling him to receive medical treatments at Mount Clemens Baths, Michigan.

By Special Departmental Order No. 66, dated March 14, 1940, the police commissioner granted the plaintiff thirty days' leave of absence without pay for the period commencing March 14, 1940, at twelve-one A. M. The plaintiff is now suing for the sum of $235, representing his salary for the thirty-day period, less his pension payment.

Prior to plaintiff's application, Local Law No. 6 amended subdivision c of section 434a–14.0 of the Administrative Code of the city of New York as of February 13, 1940, to provide:

" c. The commissioner is also authorized and empowered in his discretion, to deduct and withhold salary from any member or members of the force, for or on account of absence for any cause without leave, lost time, sickness or other disability, physical or mental; provided, however, that the salary so deducted and withheld shall not, except in case of absence without leave, exceed one-half thereof for the period of such absence; and provided, further, that not more than one-half pay for three days shall be deducted on account of absence caused by sickness."

The commissioner claims that the Local Law does not preclude the plaintiff from voluntarily accepting a leave of absence without pay and that the plaintiff's application for said leave of absence constituted a waiver of any salary. But the law is well settled that the acceptance of a salary less than that fixed by law is not a waiver of a statutory salary at a higher rate. (*People ex rel. Satterlee* v. *Board of Police*, 75 N. Y. 38.)

This principle is applicable to the case at bar. The police commissioner was entirely without power to withhold salary from the plaintiff, except as authorized by law. The doctrine of waiver has no application when the salary of a municipal officer is fixed by law and there can be no waiver as to amount, either by express agreement or by the conduct of the officer. (43 C. J. § 1173, p. 702; *People ex rel. Satterlee* v. *Board of Police, supra; Grant* v. *City of Rochester*, 79 App. Div. 460; affd., 175 N. Y. 473.)

Local Law No. 6 of 1940 is explicit and the words being free from ambiguity, it is not allowable for the court to resort to other means of interpretation and the law must be interpreted according to its terms.

Under the provisions of that law the commissioner was empowered to withhold salary in his discretion for absence without leave, and in further enumerated instances, only a portion of such salary as limited in the ordinance. Here it is admitted by the commissioner that the plaintiff sought a leave of absence for the purpose of securing medical treatments. While it clearly appears that the request for such leave of absence could have been refused by the

commissioner, yet the commissioner having granted the leave of absence, he could not exceed his powers under the ordinance. In granting the leave he was limited to a deduction of no more than one-half of the officer's pay for the period of the absence. As was said in *Riley* v. *Mayor* (96 N. Y. 331, 339): "When a fixed salary or compensation is provided by law to be paid for services rendered by an individual to the public, or the right to fix such compensation is given to a class of persons, who have performed that duty, it is not competent for another officer whose duty is solely to engage persons to perform the services, to stipulate with them for a smaller rate than that provided by the established regulations." (See, also, *Kehn* v. *State of New York*, 93 N. Y. 291; *People ex rel. Ryan* v. *French*, 91 id. 265.)

The general rule is that a public officer has a *prima facie* right to the salary of his office. He can be deprived of his compensation only where there is a law or regulation authorizing the discontinuance of the compensation during the disability or the absence from duty.

The commissioner, in granting the leave of absence, exercised his discretion, not under Local Law No. 6 of 1940, but as the head of the department. Not having withheld any pay pursuant to the provisions of this law, it is to be deemed that the commissioner did not then exercise his power and he cannot now say that he is empowered to deduct any portion of plaintiff's salary for the thirty-day period commencing March 14, 1940. Accordingly, summary judgment in favor of plaintiff is granted in the sum of $235. The defendant's cross-motion for summary judgment, dismissing the complaint, is denied.